### KRAHNER *v.* HEILMAN.

*(Common Pleas of New York City and County, General Term.* April 7, 1890.)

**1. JUSTICE'S COURT—REMOVAL OF CAUSE—PRACTICE.**
Where, after filing an undertaking for removal of a cause from a district court of New York city to the court of common pleas, an adjournment is taken to allow defendant to produce his sureties, and, on the adjourned day, judgment goes against him by default, a subsequent stipulation by defendant, on opening of the default, to come in and defend on the merits, payment of the amount of plaintiff's claim into court, and subsequent adjournments from time to time, are a waiver of his right to removal. Code Civil Proc. N. Y. § 3216, requires application for an order of removal to be made after issue is joined, and before an adjournment on defendant's application.

**2. REAL-ESTATE BROKER—COMMISSIONS.**
A real-estate broker earns his commission if he procures a person who is willing to pay the price, and is accepted as a purchaser by the owner.

Appeal from fifth district court.

Action by Jacob Krahner against John Heilman to recover broker's commissions upon sale of real estate. Code Civil Proc. N. Y. § 3216, gives defendant the right, on filing an undertaking, to have certain cases removed from the district courts of New York city to the court of common pleas, and provides that he may apply for an order of removal after issue is joined, and before an adjournment has been taken, on his application. There was judgment for plaintiff, and defendant appeals.

Argued before LARREMORE, C. J., and DALY and BISCHOFF, JJ.

*E. B. Amend,* (*E. I. Spink,* of counsel,) for appellant. *Jacob Levy,* (*John Fennel,* of counsel,) for respondent.

DALY, J. The first question raised by the appeal is whether the undertaking filed by defendant, and the proceedings thereon, required the removal of this cause to this court for trial. The defendant, upon the return-day of the summons, offered an undertaking, which was rejected; but leave to file another undertaking was granted, and an adjournment had for the production of sureties to justify. The undertaking was filed; but, upon the adjourned day, defendant did not appear with the sureties. His default was taken, and judgment rendered in plaintiff's favor. This judgment was subsequently vacated, and the default opened, and the defendant permitted to come in and defend upon the deposit by him of the amount of plaintiff's demand, with costs and interest, with the clerk of the district court. A stipulation to that effect was signed, and an order entered thereon. The trial of the cause was adjourned thereafter from time to time. When it finally came on for trial, defendant produced the sureties upon his undertaking, and required the justice to make an order removing the cause. This was refused. The defendant undoubtedly waived his right to remove the cause by his stipulation and subsequent proceedings, all which were inconsistent with the position he afterwards assumed, that the proceeding to remove was still pending. His acceptance of a stipulation to come in and defend upon the merits after his default would have been a waiver. If the stipulation had gone no further than to open the default in failing to produce his sureties for justification, he would have been restored to his rights as they existed at the instant of the default; and such rights were to have his sureties justify, and his undertaking approved. Until the undertaking was disposed of, the justice could do nothing; but the default could waive the duty imposed upon the justice by the filing of the undertaking, and could give him power to proceed with the cause. *Hogan* v. *Dev-*

*lin,* 2 Daly, 184. A stipulation to come in and defend upon the merits was an abandonment of the proceeding to remove. So was the payment into the district court of the amount of the claim, costs, and interest, under the stipulation requiring it; for this was tantamount to a submission of the controversy to that court, or to an expression of an intention to try it there. So, likewise, was the adjournment of the trial of the cause from time to time. There was a clear waiver of the right to remove, and the justice had power to try the cause.

We cannot disturb the judgment upon the facts or the law. The plaintiff's case was clearly proved. His assignors, Krahner & Robinson, real-estate brokers, were authorized, according to the testimony of Krakower, to sell the defendant's house and lot in Norfolk street for $26,000, and, having found a person who expressed her willingness to take it at that price, introduced her to defendant, who accepted her as a purchaser, but afterwards declined to execute a contract with her. No proof of the pecuniary responsibility of the proposed purchaser was offered, but the legal presumption is that she was solvent, and able to perform the contract she was willing to make. Besides, the defendant said he was satisfied to sell to her. The meeting of the minds of the parties was thus proved. The defendant, his wife, his son, and another witness, contradicted the testimony of the plaintiff's assignor, Krahner, the sole witness on plaintiff's behalf; but there were circumstances that the justice had a right to consider in weighing their testimony, and his finding in favor of plaintiff's solitary witness cannot be disturbed. Judgment affirmed, with costs.