(8 Misc. Rep. 336.)

HALPERIN v. SCHERMERHORN.

(Common Pleas of New York City and County, General Term. May 7, 1894.)

1. APPEAL—WEIGHT OF EVIDENCE.
   A finding by a justice of the district court will not be disturbed by the court of common pleas merely because there is a conflict of evidence.

2. REMOVAL OF ACTION—WAIVER OF RIGHT.
   Where an action brought in a district court is, after joinder of issue, adjourned by consent, and the parties afterwards proceed to trial, defendant thereby waives his right to remove the action to the court of common pleas.

Appeal from eleventh district court.

Action by William Halperin against Arthur F. Schermerhorn to recover a share of broker's commissions. A judgment in favor of plaintiff was rendered by the justice without a jury, and defendant appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

Seymour & Hopkins, for appellant.

Foley & Powell, for respondent.

GIEGERICH, J.   The parties litigant were real-estate brokers in this city at the time of the transactions hereinafter mentioned. By their joint efforts two loans were placed, from which the defendant received, in the aggregate, $332.50.   It was substantially conceded by the defendant at the trial that, when a loan is secured by two brokers working together, the custom and usage in this city, in the absence of an agreement, is to divide their commissions equally.   But the defendant contends that there was an express agreement between the plaintiff and himself, whereby the plaintiff agreed to first submit all his applications for  loans to such defendant, and, if any should be placed between them, the plaintiff was to receive a proportion of the commissions, which were to depend on the amount of the loan, viz. 33⅓ per cent. on small loans, and 25 per cent. on large loans.   The defendant also testified that he had loaned and advanced to the plaintiff, at various times, sums aggregating $66.50, which the latter failed to repay.   The plaintiff, on the other hand, testified that he borrowed small sums, which were always deducted from the moneys earned by him, from time to time, for divers services rendered by him to the defendant, and he denied that he was indebted to the latter in any amount whatsoever.   After the close of the transactions referred to, the plaintiff wrote to the defendant:   "* * * If you pay me $150, then I can return your $50 and all your cloths.  * * *" And subsequently he wrote:   "I do notify you a third time that you shall settle my account of $84.50 cash of the $150, which is deducting the 50 and appraisement, otherwise you will hear some legal action together of formerly claims."   It is urged by defendant's counsel that these are admissions by the plaintiff that he owed $50 to the defendant for money loaned; but the evidence, in our opinion, does not support this construction.   It is apparent that the plaintiff is a foreigner, who is not familiar with the English language; and this fact, considered in connection with the entire evidence, justified the inference, which was undoubtedly drawn by the justice, that the letters were written at a time when the plaintiff was ignorant of the amount received by the defendant upon the last or Meyer loan, and were indicted with a view rather to effect a compromise than to admit any indebtedness to the defendant.   We are confirmed in this view by the following testimony of the plaintiff:

"Q. Now, Mr. Halperin, when this Meyer loan went through, did you owe Mr. Schermerhorn any money?  A. Not a cent.  I don't know myself where it comes from,—that money that he demands of me.  Q. Is there anything you wish to state in regard to it?  A. Since he came to demand $50, I told him, '$50! what is the matter?  All you have given me for services, you put it down on the book.'  I said to him, 'If I would know it that way, I would have left the office two years ago, and would not stayed in your office.'  One week, he said $25, and two or three weeks afterwards raised up another $25."

The defendant testified that he paid to the plaintiff the sum of $21 on account of commissions on the loans in question; and the plaintiff, on the other hand, testified that he received but the sum of $20.   There was also a conflict of evidence as to what compensation the plaintiff was to receive for his services; and we think that

the justice's determination of the facts in this regard, and with respect to the other questions litigated on the trial, is amply supported by the evidence. We have repeatedly held that the finding of the justice will not be disturbed simply because there is a conflict of evidence. Lynes v. Hickey, 4 Misc. Rep. 522, 24 N. Y. Supp. 731; Weiss v. Strauss (Com. Pl. N. Y.) 14 N. Y. Supp. 776. There being an utter absence of the elements justifying a review of the questions of fact, we will not interfere with the justice's determination of the facts herein.

After the judgment heretofore rendered in this action had been reversed, and a new trial ordered, and the case had been remanded to the court below, the defendant applied for the removal of the action to this court, which application was denied. We think that, in view of the circumstances of the case, the justice ruled correctly. The justice's return on the former appeal (23 N. Y. Supp. 1157), and which forms part of the record in the present appeal, shows that after joinder of issue an adjournment was had, by consent, and that the defendant and plaintiff proceeded to trial. Having elected to proceed to trial, and submitted to the jurisdiction of the court below, the defendant was bound by his election, and he undoubtedly waived his right to remove the action. See Krahner v. Heilman (Com. Pl. N. Y.) 9 N. Y. Supp. 633.

The evidence offered of previous dealings between the parties litigant, wherein commissions were divided between them upon the same basis as the agreement which the defendant claimed he made with the plaintiff, was properly excluded. What was done on other occasions would not show what the contract was in reference to the transactions in question. Bonynge v. Field, 81 N. Y. 159.

We have examined with great care the other exceptions taken at the trial, and points raised on this appeal, and fail to discover the existence of any substantial error which would require the reversal of the judgment appealed from. The judgment should therefore be affirmed, with costs.