he had stated that the property purchased was for the Blissville Distillery, and was to be delivered there, that was a sufficient disclosure of the principal; but the court held this was not conclusive, as the plaintiff testified he did not know the proprietors of the distillery, and the defendant directed the property to be charged to him. The plaintiff showed, in the present case, that he had previously done work upon the same buildings, and had been paid by defendant's personal checks; that the bill for this particular work had been made out to defendant, and sent to him, and he had promised plaintiff a check for it. The credit was, therefore, given to the defendant, and not to a disclosed principal, and the plaintiff, upon the evidence, was entitled to recover.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.

---

(18 Misc. Rep. 621.)

SCHNITZPAHN v. DAVIS SEWING MACH. CO.

(Supreme Court, Appellate Term, First Department. March 25, 1897.)

1. REMOVAL OF CAUSES FROM·NEW YORK DISTRICT COURT TO CITY COURT.
   Defendant's right to remove a cause from a district court of New York City to the city court, is not affected by an adjournment, where defendant, on producing the sureties on his removal bond for justification, stated that costs imposed on plaintiff as a condition of requiring defendant to answer had not been paid, whereupon the justice ruled that they must be paid before defendant could be required to justify, and ordered the adjournment, but not to enable plaintiff to pay the costs, nor because of defendant's suggestion of nonpayment.

2. SAME—WAIVER—MOTION TO DISMISS COMPLAINT.
   A motion to dismiss the complaint for nonpayment of costs imposed on plaintiff as a condition of requiring defendant to answer is based on proceedings preliminary to joinder of issue, and therefore is not a waiver of defendant's right to remove the cause to the city court.

Appeal from First district court.

Action by L. Ferdinand Schnitzpahn against the Davis Sewing-Machine Company to recover damages for the alleged wrongful discharge of plaintiff from defendant's employ. There was a judgment in favor of plaintiff for $250 damages, besides costs, and defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

George Wilcox, for appellant.
Benjamin Patterson, for respondent.

DALY, P. J. The proceedings before the justice, as appears by the return, were as follows:

"The original summons was issued returnable on October 14, 1896. The copy served was returnable October 15, 1896. Plaintiff entered judgment and made levy on October 14th. On October 15th defendant appeared, and moved to cancel judgment entered on October 14th on the ground that no summons had been served on defendant. Motion granted. Defendant moved to dismiss summons served for October 15th on ground that there was no original issued for that day. Motion denied, but justice imposed $5, costs on plaintiff as a condition of requiring defendant to answer, the said costs to be paid be-

fore the next adjourned day. Defendant then filed his answer and undertaking on removal to city court of New York. The justice directed the defendant to have sureties in court on October 22d to justify. On October 22d defendant appeared with the sureties, and stated to the court that the costs had not been paid, and that sureties were ready to be examined. Justice stated that costs imposed must be paid before justification, and adjourned case one week. On October 28th defendant appeared in court with sureties, and called the attention of the justice to the fact that the costs imposed as a condition of requiring the defendant to answer had not been paid. The justice said he would entertain a motion to dismiss for that reason. Attorney for defendant then said he would insist upon it, and justice dismissed the case. Subsequently, on application of the plaintiff, the justice vacated the order of dismissal, and adjourned case to November 11th. Defendant's attorney, on November 11th, again appeared with the sureties, and insisted upon his right to remove case, offering the sureties for justification, and the justice reserved his decision until November 25th. On November 25th defendant's attorney again appeared with the sureties, and offered to have them justify. The justice denied defendant's right to remove, and set the case down for trial on December 8th."

It appears from the foregoing statement that after the defendant had joined issue, and had filed his undertaking for removal of the cause, he stated that the costs imposed upon the plaintiff had not been paid. The justice held that the costs must be paid before the defendant could be required to justify upon his undertaking for removal, and thereupon adjourned the case for one week. If this adjournment had been granted in order to enable plaintiff to pay the costs, it might be said that it was necessitated by the defendant's objection that they had not been paid; and the case would have come within the rule in Ives v. Nathans, 7 Misc. Rep. 660, 28 N. Y. Supp. 267, holding that a motion on the part of a defendant, which necessitates an adjournment, is equivalent to an application for one, and is a waiver of the right to remove the action. But it does not appear from the return that the plaintiff asked for time to pay the costs, nor that the adjournment was allowed him in order to make the attempt, nor that the suggestion of the defendant that the costs had not been paid in any way necessitated such adjournment. The defendant's right to removal, therefore, was not prejudiced by anything done by him up to that time. On the day to which the case had been adjourned, the defendant moved to dismiss the complaint for nonpayment of the costs, and this motion was immediately granted. If this were a proceeding in the action evincing an intention to proceed with the trial before the justice, it would be also a waiver of the application for removal (Krahner v. Heilman [Com. Pl.] 9 N. Y. Supp. 633); but the motion to dismiss grew out of and was based upon the proceedings preliminary to the joinder of the issue, the costs having been imposed on plaintiff as a condition of requiring the defendant to answer. The motion could have been made before complying with the order to join issue as well as after, and by granting it the justice in effect revoked his order requiring the defendant to answer. He subsequently, by vacating the dismissal, only reinstated the action as being at issue, and left the parties where they were at the time of the dismissal. At the time of the dismissal the defendant was in court with his sureties, as he had been every time the case was called, ready to justify

upon his undertaking for removal, and he should have been permitted to do so.

Judgment reversed, and action remitted to the district court for the purpose of entertaining the application for removal; costs to appellant. All concur.