L. FERDINAND SCHNITZPAHN, Respondent, *v*. THE DAVIS SEWING
MACHINE COMPANY, Appellant.

(Supreme Court, Appellate Term, March, 1897.)

District Court — Removal of cause — Waiver.

> On a preliminary motion the court imposed costs upon the plaintiff
> as a condition of requiring defendant to answer. Defendant answered
> and filed undertaking on application for removal of the cause to the City
> Court, and upon appearing with his sureties for justification suggested
> that plaintiff had not paid the costs imposed upon him, whereupon the court
> adjourned the case for a week, and on the adjourned day dismissed it
> on defendant's motion, but subsequently vacated the order of dismissal.
> Held, that these facts did not constitute a waiver of defendant's right to
> a removal of the cause.

APPEAL by the defendant from a judgment of the justice of the
First District Court in favor of the plaintiff for $250 damages,
besides costs, in an action to recover damages for the alleged wrong-
ful discharge of an employee.

George N. Willcox, for appellant.

Benjamin Patterson, for respondent.

DALY, P. J.   The proceedings before the justice, as appears by
the return, were as follows:

"The original summons was issued returnable on October 14,
1896.

"The copy served was returnable October 15, 1896.

"Plaintiff entered judgment and made levy on October 14th.

"On October 15th defendant appeared and moved to cancel
judgment entered on October 14th on the ground that no summons
had been served on defendant.   Motion granted.

"Defendant moved to dismiss summons served for October 15th
on ground that there was no original issued for that day.   Motion
denied, but justice imposed $5 costs on plaintiff as a condition of
requiring defendant to answer, the said costs to be paid before the
next adjourned day.

"Defendant then filed his answer and undertaking on removal
to City Court of New York.   The justice directed the defendant
to have sureties in court on October 22d to justify.

" On October 22d defendant appeared with the sureties and stated to the court that the costs had not been. paid and that sureties were ready to be examined. Justice stated that costs imposed must be paid before justification and adjourned case one week..

" On October 28th. defendant appeared in court with sureties and called the attention of the justice to the fact that the costs imposed as a condition of requiring the defendant to answer had not been paid. The justice said he would entertain a motion to dismiss for that reason. Attorney for defendant then said he would insist upon it and justice dismissed the case.

" Subsequently, on application of the plaintiff, the justice vacated the order of dismissal and adjourned case to November 11th.

" Defendant's attorney, on November 11th, again appeared with the sureties and insisted upon his right to remove case, offering the sureties for justification and the justice reserved his decision until November 25th.

" On November 25th defendant's attorney again appeared with the sureties and offered to have them justify. The justice denied defendant's right to remove and set the case down for trial on December 8th."

It appears from the foregoing statement that after the defendant had joined issue and had filed his undertaking for removal of the cause, he stated that the costs imposed upon the plaintiff had not been paid. The justice held that the costs must be paid before the defendant could be required to justify upon his undertaking for removal, and thereupon adjourned the case for one week. If this adjournment had been granted in order to enable plaintiff to pay the costs, it might be said that it was necessitated by the defendant's objection that they had not been paid; and the case would have come within the rule in Ives v. Quinn,. 7 Misc. Rep. 660, holding that a motion on the part of a defendant which necessitates an adjournment is equivalent to an application for one, and is a waiver of the right to remove the action. But it does not appear from the return that the plaintiff asked for time. to pay the costs, nor that the adjournment was allowed him in order to make the attempt, nor that the suggestion of the defendant that the costs had not been paid in any way necessitated such adjournment. The defendant's right to removal, therefore,. was not prejudiced by anything done by him up to that time.

On the day to which the case had been adjourned the defendant moved to dismiss the complaint for nonpayment of the costs, and this motion was immediately granted. If this were a proceeding in the action evincing an intention to proceed with the trial before the justice, it would be also a waiver of the application for removal (Krahner v. Heilman, 9 N. Y. Supp. 633; 30 N. Y. St. Repr. 434); but the motion to dismiss grew out of and was based upon the proceedings preliminary to the joinder of the issue, the costs having been imposed on plaintiff as a condition of requiring the defendant to answer. The motion could have been made before complying with the order to join issue as well as after, and by granting it the justice in effect revoked his order requiring the defendant to answer. He subsequently, by vacating the dismissal, only reinstated the action as being at issue, and left the parties where they were at the time of the dismissal. At the time of the dismissal the defendant was in court with his sureties, as he had been every time the case was called, ready to justify upon his undertaking for removal, and he should have been permitted to do so.

Judgment reversed and action remitted to the District Court for the purpose of entertaining the application for removal. Costs to appellant.

McADAM and BISCHOFF, JJ., concur.

Judgment reversed and cause remitted to District Court to entertain the application for removal, with costs.