Ehrlich, Ch. J.
The action is to recover brokerage on the sale of a piece of real estate belonging to the defendant
The plaintiff proved that he was a broker, and employed as such by the defendant to effect a sale of her property.
*492 That he introduced to her as a purchaser one Fine, with whom she entered into a written contract to convey.
The writing is informal in its character, yet intelligently contains the price and terms of sale.
That the plaintiff was the procuring cause is conceded, and the proofs sufficiently show that the failure to carry out the sale was owing to the acts of the defendant and not of the purchaser.
But aside from this, the purchaser produced proved satisfactory to the defendant, for she entered into a contract of sale to him.
The broker’s duty ended here, and his right to brokerage became complete.
The jury found for the plaintiff, and the evidence sufficiently sustains their finding. The exceptions are without merit. They relate to what amount of money the purchaser had in banks, and in what banks.
A purchase by a solvent purchaser cannot be defeated by showing the want of ready money at the time of the contract.
Ability at the time of closing the contract is all that is required.
There was no effort to investigate the general financial standing or ability of the purchaser, but merely to ascertain what money he bad in-bank at the time the contract was made, and the onus of proving want of ability was on the defendant Hart v. Hoffman, 44 How. Pr., 168.
The real difficulty in carrying out the contract was the inability of the defendant to convey, because, as she put it, “ the will was so writ that she could not carry it out.”
The broker was not responsible for the difficulty.
Upon the entire case, the verdict was right, and the judgment entered on it should be affirmed, with costs.
McG-own, J., concurs.