WILLIAM T. STANDEN, Appellant, *v.* WILLIAM L. BROWN, Respondent.

APPEAL — FINDINGS OF FACT — USURY. A finding by a trial judge, approved at the General Term, on conflicting statements of interested parties, to the effect that a transaction alleged to be usurious was not, in fact, a loan, although it assumed that form, cannot be interfered with by the Court of Appeals.

*Standen* v. *Brown*, 83 Hun, 610, affirmed.

(Submitted February 9, 1897; decided March 2, 1897.)

APPEAL from a judgment of the General Term of the Supreme Court in the first judicial department, entered December 19, 1894, which affirmed a judgment in favor of defendant entered upon a decision of the court dismissing the complaint on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Grove M. Harwood* for appellant. The several transactions between the plaintiff and defendant were loans of money. This is evidenced by the bonds of plaintiff providing for the payment of specified sums at fixed dates, with interest semi-annually, and accompanied by assignments of securities as collateral thereto. They were, therefore, usurious. (1 R. S. 772; L. 1837, ch. 430; *Rapelye* v. *Anderson*, 4 Hill, 474; *Wheelock* v. *Lee*, 64 N. Y. 242; 50 N. Y. 443.)

*Rollin M. Morgan* and *Richard H. Mitchell* for respondent. The complaint is plainly demurrable. The mere fact that a person has made an agreement which is void for usury

is not sufficient to entitle him to apply to a court of equity to
have the contract annulled. (*Kellard* v. *Forgotston*, N. Y.
L. J., Nov. 8, 1893.) The plaintiff utterly failed to prove
an usurious agreement. (*Cobb* v. *Titus*, 10 N. Y. 198.)
There is no proof of any usurious agreement with respect to
the third transaction alleged in the complaint, which was a
loan of some $1,600, with an assignment of stock as collateral
security. (*White* v. *Benjamin*, 138 N. Y. 623.) There can
be no review in the Court of Appeals of questions of fact
depending upon conflicting evidence in this case. (Code Civ.
Pro. § 1337; *In re Ross*, 87 N. Y. 514; *In re Bull*, 111 N.
Y. 624; *Hewlett* v. *Elmer*, 103 N. Y. 157.)

O'BRIEN, J. The plaintiff's action was to set aside the
transfer to the defendant of certain securities alleged to have
been made as collateral security for the payment of money
loaned upon an agreement void for usury, and to cancel his
bond or obligation for the payment of this usurious loan.

It appears that on the 28th of July, the 8th of September
and 18th of October, in the year 1892, there were three sepa-
rate and distinct transactions between the parties, each of
which, it is alleged in the complaint, was a loan of money by
the defendant to the plaintiff.

On the date first mentioned the defendant advanced to the
plaintiff his check in the sum of $9,800, and took the defend-
ant's bond for the payment of the same in the sum of $10,000
at one year, with interest, and at the same time the plaintiff
transferred to the defendant by assignment, in form absolute,
mortgages, bonds and other securities of third parties which
he held, the face value of which was equal to the amount of
the bond.

On the second date there was a like transaction, in which
the defendant paid to the plaintiff $3,300, and took a like
bond at one year for $3,376.67, with interest and collateral
securities equal in face value to the sum named in the bond.

On the third date, in a similar transaction, the defendant
paid to the plaintiff $1,590, and took a like bond at one year,

17

with interest, for $1,623.33 and collateral securities, including shares of stock, the face value of which corresponded with the bond.

In these three transactions the defendant paid to the plaintiff, in the aggregate, $14,690, and took his bonds for the payment of $15,000, with interest. The question is whether the difference of $310 was reserved as usury.

The defendant alleges in his answer that the transaction was in each case a purchase by him of the various securities and not a loan of money. His version of the transactions, in substance, is that upon looking over or ascertaining the nature and character of the various securities which the plaintiff had which represented numerous small amounts against numerous parties that he did not know, and that since it would involve much trouble and attention in the collection of interest as it fell due from all these parties, he insisted that the plaintiff must in some form guarantee the payment of the obligations. The plaintiff agreed to do so, and instead of executing a formal guaranty on each of the securities transferred, or binding himself in that way by one formal instrument, the bonds were executed to accomplish the same purpose and were intended to have no other effect. The plaintiff's version makes all the transactions very clearly loans of money, but the learned trial judge accepted the version of the defendant and so found as matter of fact. While it is somewhat difficult to understand the transaction in that way, yet the witnesses were all before the trial court and it became largely a question of credibility between conflicting statements of parties equally interested, with the burden of proof on the plaintiff. That the defendant would jeopardize so large an investment for so comparatively small gain in the way of excessive interest, was not probable. But the plaintiff's version of the transaction was very much impaired, and that of the defendant corroborated by a letter which was produced at the trial, written by the plaintiff before he brought the action in which he substantially admitted the transactions to have been as claimed by the defendant. So that while the transactions assumed all the

forms of a loan, it was competent, as against allegations of usury, to show that the real purpose and intent of the parties were quite different. The question was one of fact, and the findings having been approved at the General Term, this court has no power to interfere with the result. It was essential to the plaintiff's case in order to establish usury that it should appear that there was a loan of money. Without that the plaintiff could not maintain the action, and that fact having been found against him, there is no other question in the case. The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.