sent such a case; the proof showing that the defendant Henry J. Bailey and one Walter S. Brown are the co-partners indebted to the plaintiff, and that the name of Eugene E. Brown is a mistake. Walter S. Brown was served with the summons, and is simply sued by a wrong name. It only requires an amendment of the process and proceedings to set this matter right, and such amendment can be made at any time. Tasker v. Wallace, 6 Daly, 364. See cases cited in 1 Stover's Code (1892) p. 724. There is a person named Eugene D. Brown, but he is not a partner in the firm sued, and is the father of Walter S. Brown, the actual co-partner, who was served with the summons. There is no person, apparently, named Eugene E. Brown. Whether Walter S. Brown, the actual co-partner, was served or not, the mistake in the name, being amendable, does not vitiate the attachment. This is not the case of one firm being sued for a debt of another.

The objection that the plaintiff has no cause of action because the goods sued for were sold upon a credit which has not expired has been disposed of by the city court as a question of fact upon conflicting affidavits, and the evidence is ample to sustain a finding that the sale was for cash. The same observation will apply to the defendants' contention that a counterclaim or set-off for goods returned exists in their favor. There is a conflict as to whether the return of a certain bill of goods was accepted by plaintiff so as to discharge the defendants, or whether they were received back for a specific purpose not affecting the sale or indebtedness. This dispute is resolved in plaintiff's favor by the city court, and, in view of the fact that no counterclaim or set-off is pleaded in the answer which has been interposed, we think that the city court properly disposed of the objection.

Order affirmed, with costs. All concur.

(20 Misc. Rep. 84.)

GEITELSOHN v. CITIZENS' SAV. BANK.

(Supreme Court, Appellate Term. April 26, 1897.)

APPEAL FROM NEW YORK CITY COURT—REVIEW OF FACTS.
 The appellate term of the supreme court cannot review the facts on appeal from the general term of the New York city court.

Appeal from city court of New York, general term.

Action by Louis Geitelsohn against the Citizens' Savings Bank. From an affirmance of a judgment in favor of plaintiff (44 N. Y. Supp. 89), defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

John W. Pirsson (John E. Parsons and J. A. Beall, of counsel), for appellant.

D. M. Neuberger, for respondent.

PER CURIAM. On a former trial of this action the jury found for the plaintiff, and the judgment was affirmed by the city court, general term, but was reversed by the appellate term for errors of law. 17 Misc. Rep. 574, 40 N. Y. Supp. 662. The new trial also

resulted in favor of the plaintiff, and, the judgment having been affirmed by the general term, the case is before us stripped of the errors for which the former judgment was reversed.   On the pre-vious appeal we held that, notwithstanding the rules printed in a savings-bank book, a payment to a person not entitled to receive it, though he may have possession of and present the book, will not discharge the bank, if at the time of such payment a fact or circumstance existed calculated to excite the suspicion of, and in-quiry by, an ordinarily careful person, and the bank failed to make proper inquiry or exercise ordinary care or diligence.   The testi-mony of the plaintiff, corroborated by Herman Geitelsohn, now shows that, on the morning after the plaintiff discovered that his bureau had been broken open and his bank book taken therefrom, he went to the bank, and was there familiarly addressed by name by Sayler, the paying teller.   This testimony (which indicates that Sayler knew the plaintiff) went to the jury, and they found it to be true.   When asked why it was not given on the former trial, the explanation was that the question was not asked.   It further appeared that the plaintiff made 38 deposits with defendant, and had at 9 different times drawn money from the bank.   So that the fact testified to, that the paying teller knew the plaintiff, was not impossible, or even improbable.   At all events, the jury be-lieved the testimony; and while the general term could have dis-credited it, and reversed the judgment on the facts, we have no such power.   We are merely to review the exceptions taken, and the errors of law presented.   Briscoe v. Litt, 19 Misc. Rep. 5, 42 N. Y. Supp. 908; Ebenreiter v. Dahlman, 19 Misc. Rep. 9, 42 N. Y. Supp. 867; Standen v. Brown, 152 N. Y. 128, 46 N. E. 167.   The general term was evidently satisfied with the testimony, because it affirmed the judgment, and such affirmance closes all further in-quiry into the facts.   Id.   So we have the case of a paying teller knowing the depositor, even by name, and yet paying out the en-tire deposit to a stranger on production of the bank book.   This, with the other evidence, is sufficient to sustain a finding that the defendant did not exercise ordinary care and caution under the circumstances, but was guilty of negligence warranting the verdict charging it with the amount paid.   The authorities bearing upon the subject were elaborately reviewed by us upon the former ap-peal, so that a mere reference to the opinion then filed is all we deem necessary now.

The exceptions to the admission or exclusion of evidence are without merit.   The exceptions chiefly relied on by the defendant are those taken to the charge of the court, which, on the whole, as modified, seem unobjectionable.   Smith v. Matthews, 152 N. Y. 152, 46 N. E. 164.

Judgment affirmed, with costs.