(20 Misc. Rep. 89.)

## SCOTT v. YEANDLE.

(Supreme Court, Appellate Term. April 26, 1897.)

1. APPEAL FROM NEW YORK CITY COURT—EXCEPTIONS.

A judgment of the general term of the New York city court will not be reviewed by the appellate term of the supreme court unless a sufficient exception was taken in the court below.

2. SAME—SUFFICIENCY OF EXCEPTIONS.

An exception to the refusal of the court to grant a motion to dismiss the complaint, made at the close of plaintiff's case, and not renewed before final submission to the jury, is not sufficient to bring up such refusal for review.

Appeal from city court of New York, general term.

Action by James W. Scott against Adelaide A. Yeandle. From an affirmance of a judgment entered on a verdict in favor of plaintiff (43 N. Y. Supp. 1164), defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

John H. Clapp, for appellant.

Edward A. Alexander, for respondent.

BISCHOFF, J. The plaintiff has obtained a verdict for the reasonable value of his services in procuring a purchaser of the defendant's real estate, and the foundation of this appeal is that the proof warranted no recovery. The evidence in support of the judgment is very meager. This plaintiff was openly the purchaser's broker, and the jury, to find as they did upon the facts, must needs have drawn an inference that there was an employment of the plaintiff, and an agreement to pay commissions, merely from proof of the plaintiff's statement to the defendant's agent that he would waive any right to compensation, should the property be sold at a certain price, which in fact was less than that finally secured by the defendant through her succeeding negotiations, personally, with the purchaser. In support of the complaint this proof is, of course, most unsatisfactory. It may be that no more than a scintilla of evidence appeared, but the sufficiency of the proof was not so attacked in the trial court below that this court, sitting as a tribunal of law only, may disapprove the judgment upon the facts, in view of the rules which must govern in the determination of an appeal like the present.

A motion was made for the dismissal of the complaint when the plaintiff's case was rested, and an exception was taken to the denial of this motion; but at the close of the whole case, after the defendant's evidence had been given, the motion for a dismissal was not renewed, and we may only hold the appellant to her election that the case be determined as one of fact. An availing exception is indispensable to a review by this court of a judgment which has been affirmed by the general term below. Ebenreiter v. Dahlman, 19 Misc. Rep. 9, 42 N. Y. Supp. 867. And the exception taken to the court's refusal to dismiss the complaint, when the motion is made only at the close of the plaintiff's case, and is not renewed before the final submission of the issues to the jury, does

not avail, since the defendant's ultimate position is taken upon the facts as the jury may determine them, and the first stand, upon the question of law, is deemed to have been abandoned.    Eckensberger v. Amend, 10 Misc. Rep. 145, 30 N. Y. Supp. 915; Charwat v. Vopelak, 18 Misc. Rep. 601, 42 N. Y. Supp. 235; Sullivan v. Brooks, 10 Misc. Rep. 368, 31 N. Y. Supp. 36.

But one other point is raised by the appellant, and this touches the correctness of the trial justice's statement of some of the evidence in the course of the charge to the jury.    Without conceding that there was error, this matter was, at most, for the general term to consider, since no exception was taken to the charge in this regard.    As assailed, the judgment is supported by the record, for the purposes of this appeal, and we have but to affirm it.

Judgment affirmed, with costs.    All concur.