(18 App. Div. 36.)

### DORAN v. BUSSARD.

(Supreme Court, Appellate Division, Second Department.  May 11, 1897.)

1. BROKERS—PROCURING CAUSE OF SALE.

Defendant employed plaintiff to sell land. Defendant advertised it for sale, thereby calling the purchaser's attention to it.  Negotiations were begun through plaintiff, and were continued without interruption until a sale was effected. *Held*, that plaintiff was the procuring cause of sale, though the final transaction was between defendant and the purchaser personally.

2. SAME—EVIDENCE.

On an issue as to whether plaintiff, a real-estate broker, was the procuring cause of the sale of defendant's land, he may show all that he did to induce the purchaser to purchase, and all conversations relating thereto had by himself and the purchaser with defendant.

Appeal from city court of Yonkers.

Action by Daniel A. Doran against Henry Bussard to recover broker's commissions.  The complaint was dismissed on the merits, and plaintiff appeals.  Reversed.

Argued before CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Adrian M. Potter, for appellant.

Ralph Earl Prime, Jr., for respondent.

HATCH, J.  The proof upon the part of the plaintiff tended to establish that the defendant employed the plaintiff to make a sale of certain premises owned by him in the city of Yonkers.  The plaintiff accepted of said employment, and caused the property to be advertised for sale in the columns of three newspapers published in the city of Yonkers.  These advertisements directed any intending purchaser to call at the office of Mr. Burr, a real-estate broker of said city, who acted for and subject to the direction of the plaintiff in connection with the sale of said property.  Shortly after the property was advertised for sale, a Mr. Duffy called upon Burr, and submitted an offer of $5,750 for it.  This offer Burr communicated to the plaintiff, and the latter saw the defendant, and communicated the offer to him.  The defendant declined to accept it, stating to the plaintiff that he should see his client, and get the price up a little, and he would consider it.  The defendant's asking price was $7,000.  The plaintiff thereupon saw Burr, and communicated the result of Duffy's offer to the defendant.  Shortly thereafter, Duffy called again upon Burr, who informed him that he would have to go higher on the property.  Duffy said he would go up to $6,000, and, if he could not get it for that, possibly he would go to $6,050.  Burr then went to the defendant's house to submit the offer, but did not find him.  He then saw the plaintiff, and obtained his permission to act, and the former and Duffy went in search of the defendant.  Burr went to defendant's house, and waited for him.  Duffy stopped on New Main street.  Burr, tired of waiting at the defendant's house, left the same, going down New Main street, where he met the defendant and Duffy talking together.  The sale was consummated at this time, between the last-named parties, for $5,800.  It thus clearly appears that the de-

defendant employed the plaintiff to make the sale; that the latter advertised the property for sale; that by these means the purchaser's attention was called to the property. He called upon Burr, and submitted an offer. This was communicated to the defendant, and thereafter the negotiations were continued, without interruption until a sale was consummated. Within all of the authorities, this was sufficient to constitute the plaintiff the direct procuring cause of the sale, and entitled him to recover the usual compensation for such service. Lloyd v. Matthews, 51 N. Y. 124; Sussdorff v. Schmidt, 55 N. Y. 319; Colwell v. Tompkins, 6 App. Div. 93, 39 N. Y. Supp. 478.

As there must be a new trial of this case, it is proper that we notice some of the rulings of the trial court, in order that the error which we find therein may be corrected should the question again arise. Plaintiff was entitled to show all that either he or Burr did in and about inducing Duffy to purchase the property, as well as all conversations relating thereto which either had with the defendant, as it bore directly upon the issue required to be established, that the plaintiff was the procuring cause of the sale. Some of this testimony was excluded, upon the objection that the questions were leading. Perhaps there was some criticism in this respect. But the testimony which the questions sought to elicit was clearly competent; and, in the connection in which the questions were put, the leading character, so far as it infringed upon the rule at all, might well have been disregarded, as it is quite apparent that the defendant could not be prejudiced thereby.

The judgment should be reversed, and a new trial granted, with costs to abide the event. All concur.