(22 Misc. Rep. 318.)

### DUNHAM v. HARLAM.

(Supreme Court, Appellate Term. January 17, 1898.)

MOTION TO DISMISS—WAIVER.
    A failure to move for a dismissal of a complaint at the close of the whole case constitutes a concession that there is sufficient evidence to warrant a submission to the jury, and is a waiver of objections made upon the motion to dismiss at the close of plaintiff's case.

Appeal from city court of New York, general term.

Action by David B. Dunham against Edward M. Harlam. From an affirmance by the general term of a judgment entered on a verdict in favor of plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Delos McCurdy and McCurdy & Yard, for appellant.
David M. Neuberger, for respondent.

DALY, P. J. The defendant had been sued for repairs made upon his brougham by plaintiff, which repairs were ordered by one Cammon, proprietor of the livery stable where the defendant kept his brougham, and the defense was that the defendant had not authorized Cammon to order the repairs. Cammon, however, testified that the defendant told him to get the brougham repaired, and so an issue of fact was presented which required the submission of the case to a jury upon that point. The jury gave a verdict to the plaintiff for the full amount claimed by him. But it might be urged, upon the plaintiff's own evidence, that he was not entitled to so much; for his witness, Cammon, gave testimony which undoubtedly qualified his statement as to the defendant's direction to have the brougham repaired. Cammon testified that the brougham was injured while in his stable, by accident, and that he was to pay out of his own pocket for the repairs necessitated thereby, while the other repairs the defendant was to pay him for. By the accident in question, one of the wings of the carriage was pulled off, and a deep indentation was made in the back by a shaft falling down behind it. The repairs required thereby were the

ones to be paid for by Cammon. Other work was done upon the brougham, including a set of rubber tires, of the value of $85, and inside as well as outside renovation; and it must be assumed that the defendant's direction to Cammon to have repairs made referred only to those improvements and renovations, since Cammon was to make the others himself, and so the defendant, at most, would be liable for the repairs he ordered, and not for those that Cammon was to pay for. This point, however, was not made upon the trial, and the case was submitted to the jury without objection by defendant. We are unable to afford him relief upon any ground which is not presented by appropriate exception. Geitelsohn v. Bank, 20 Misc. Rep. 84, 45 N. Y. Supp. 90. There was no motion to dismiss the complaint at the close of the whole case, and this was a concession that there was sufficient evidence to submit to the jury as to defendant's liability for value of all the repairs, and it was a waiver of the objections made upon the motion to dismiss at the close of the plaintiff's case. Scott v. Yeandle, 20 Misc. Rep. 89, 45 N. Y. Supp. 87.

There was no exception to the charge of the judge which submitted the whole case to the jury. There remain to be considered, therefore, only the exceptions to the rulings upon evidence. The plaintiff, in advance of doing the work, sent an "estimate" to defendant by mail, which it was claimed he kept without objection. This paper was addressed to him at 162 West 132d street, which, the witness testified, was Cammon's stable. The objection was placed on the ground that there was no evidence that the defendant ever received it. It subsequently transpired that Cammon's stable was on the opposite side of the street, at No. 163 West 132d street; but this was not the ground of objection to the letter when it was offered, or, subsequently, when the location of Cammon's stable was proved. The chief ground of objection seems to be that the letter, although addressed to the defendant, was not sent to his house or place of business, but to Cammon's stable. As defendant had authorized the stable keeper to have the repairs made, the estimate might properly be sent to the latter, and would have been admissible, if addressed to him, instead of the defendant, he being the defendant's agent in the matter. None of the other exceptions to the rulings upon the evidence requires notice. No error is pointed out by appellant's brief, and none is apparent upon the record.

Upon the merits of the case, it would seem that defendant was unquestionably liable to plaintiff for the greater part of the work done upon his brougham, and that he could have confined the recovery in the case to the particular sum for which he was liable if he had called the attention of the court to this point upon the trial. For the reasons already pointed out, he has no remedy upon appeal to this court, as we can only correct errors of law presented by appropriate exceptions.

Judgment affirmed, with costs. All concur.