(27 Misc. Rep. 530.)

KIRCHNER v. REICHARDT.

(Supreme Court, Appellate Term. May 24, 1899.)

1. DISMISSAL—WAIVER.

A defendant concedes that there is sufficient evidence to require a submission thereof to the jury by failing to move to dismiss the complaint at the close of the testimony.

2. ACTIONS FOR BROKER'S COMMISSIONS—EVIDENCE.

In an action for a broker's commission for finding a person ready to exchange lands with defendant, such person's testimony that he was the owner of the property offered by him in exchange for that of defendant, and that he was ready to make the exchange on the terms proposed to him by plaintiff, and which terms plaintiff had previously testified he was empowered by defendant to make, is admissible.

MacLean, J., dissenting.

Appeal from municipal court, borough of Manhattan, Third district.

Action by Henry O. Kirchner against Louis Reichardt for a broker's commission. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Frank Schaeffler, for appellant.

Goeller, Shaffer & Eisler, for respondent.

FREEDMAN, P. J. The defendant in this action appeals from a judgment against him entered upon the verdict of a jury rendered in favor of the plaintiff. At the close of the testimony the defendant made no motion to dismiss the complaint, and thereby conceded that there was sufficient evidence to be submitted to the jury for their determination (Dunham v. Harlam, 22 Misc. Rep. 318, 49 N. Y. Supp. 102), and in fact there was such a direct conflict of testimony between witnesses that the case necessarily was one for the jury. The appellant in his brief substantially admits this. The question then to be considered is whether any error of so grave a character as to warrant this court in reversing the judgment was committed upon the trial. The charge to the jury by the trial judge was fair and impar-

tial, and neither the charge nor the refusals to charge disclose reversible error.

The only question worthy of consideration, and the principal ground for reversal urged by the appellant, is as to the admissibility of the testimony of the witness Cassidy, who was the man with whom the plaintiff alleged he had contracted to exchange the property of the defendant. The material facts testified to by this witness were that he (Cassidy) was the owner of the property offered by him in exchange for that of the defendant, and that he (Cassidy) was able, ready, and willing to make such exchange upon the terms proposed to him by the plaintiff, and which terms the plaintiff had previously testified he was empowered by defendant to make. In order to maintain this action it was necessary for the plaintiff to show these facts (Mooney v. Elder, 56 N. Y. 238; Moses v. Bierling, 31 N. Y. 464), and it was competent to show them by the testimony of the proposed purchaser (Cook v. Kroemeke, 4 Daly, 268). Under the circumstances, it was not error to permit Cassidy to testify that he was the owner of the lots offered by him. It was a fact to which a witness having the requisite knowledge could testify directly. De Wolf v. Williams, 69 N. Y. 622; Caspar v. O'Brien, 15 Abb. Prac. (N. S.) 402. Moreover, the record shows that the testimony of Cassidy, to which the objections of the defendant were taken, was principally in reference to the terms and conditions upon which the exchange between the defendant and Cassidy was to be made, and were communicated to the defendant by the plaintiff, and were finally accepted by the defendant, and a time fixed upon for a meeting between Cassidy and the defendant to consummate the exchange, but at which meeting the defendant failed to attend. The testimony of Cassidy was therefore competent and material.

Upon a careful examination and consideration of all the evidence, it appears that no right of the defendant has been prejudiced, either in the admission of testimony or the submission of the case to the jury, and that the verdict is sustained by the evidence. Judgment should be affirmed, with costs.

Judgment affirmed, with costs to respondent.

LEVENTRITT, J., concurs.

MacLEAN, J. (dissenting). In this action, for a broker's commission at an agreed rate, on having procured a purchaser for premises of the defendant at the terms, in exchange, fixed by the defendant, and which exchange the defendant refused to make after his terms had been accepted, the proposed purchaser was asked by the court, contrary to due objection and exception on behalf of the defendant, a series of questions relating to counter offers and terms stated in conversations occurring in the absence of the defendant, whom the proposed purchaser never met. The statements elicited were not relevant to the issue, did or did not the plaintiff procure a purchaser on the defendant's terms, while these were still open to acceptance? They may have been prejudicial to the defendant by exhibiting diligence, and so impressing the jury that the plaintiff was to be re-

warded for his efforts, even though he did not effect what he claimed in his complaint. The judgment should be reversed. Greene v. White, 37 N. Y. 405; Foote v. Beecher, 78 N. Y. 155.