JAFFE et al. v. NAGEL.

(Supreme Court, Appellate Term. February 5, 1909.)

1. VENDOR AND PURCHASER (§ 17*)—CONTRACT—CONDITIONS PRECEDENT.

A vendor upon agreeing to sell property, and accept a mortgage on other property as a part of the price, could require the delivery of the mortgage to his attorney for examination as a condition precedent to his agreement to sell.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 17.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BROKERS (§ 54*)—COMPENSATION—SUFFICIENCY OF SERVICES—ABILITY OF PURCHASER TO PERFORM.

It was not necessary, in order to entitle a real estate broker to commissions for land sold, that the purchaser should be able to perform at the time the contract was signed, but only at the time fixed for passing title.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 76; Dec. Dig. § 54.*]

3. EVIDENCE (§ 121*)—RES GESTÆ—CONVERSATIONS.

In an action by a real estate broker for commissions for procuring a purchaser for property, conversations between plaintiff and the intended purchaser were admissible as a part of the res gestæ to show what plaintiff did toward procuring a purchaser.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 121.*]

4. BROKERS (§ 85*)—ACTIONS FOR COMPENSATION—ADMISSIBILITY OF EVIDENCE —WILLINGNESS OF PURCHASER.

In an action by a real estate broker for compensation for procuring a purchaser for property where defendant denied liability, the intended purchaser was properly allowed to testify that he was ready and willing to take the property upon defendant's terms.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 85.*]

5. TRIAL (§ 62*)—RECEPTION OF EVIDENCE—REBUTTAL EVIDENCE.

In an action for commissions for procuring a purchaser for property, where defendant denied liability because part of the price was a mortgage on other property which was held by a third person when the contract was made, the court properly exercised its discretion in allowing plaintiff to testify in rebuttal that the particulars respecting the mortgage were given defendant, though the testimony was not strictly in rebuttal.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 62.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Samuel Jaffe and others against Isaac Nagel. From a judgment for plaintiffs, defendant appealed. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Bernard Breitbart, for appellant.
Jacob Friedman, for respondents.

GIEGERICH, J. The action is by real estate brokers to recover brokerage claimed to have been earned in negotiating the sale of certain property belonging to the defendant. The complaint alleges that the plaintiffs, at the defendant's request, procured a purchaser who was ready, willing, and able to purchase the property at the price fixed by the defendant, but that he refused to sell. The answer was a general denial. After hearing the evidence offered by both sides, the trial justice gave judgment for the plaintiffs, and the defendant appeals to this court.

The testimony is quite hopelessly conflicting in several material respects, but there seems to be no sufficient reason for disturbing the conclusion of the trial justice upon the facts. A second mortgage on certain other property was to be taken by the defendant as part of the purchase price of the property in question, and counsel for the defendant asserts that the evidence shows that he made it a condition

of his acceptance of this mortgage in part payment of the purchase price that it be placed in the hands of his attorney for examination and approval. The testimony for the plaintiffs was, however, that, when the holder of that mortgage produced it for the inspection of the defendant, the latter, having already examined and approved the property upon which it was a lien, expressed himself as satisfied with the mortgage, saying that he knew the bondsmen. It was not necessary that the defendant should have the mortgage examined before agreeing upon the sale, although it would be very necessary for him to do so before closing the title. And, as the mortgage was then held by a stranger, not yet having been assigned to the prospective buyer, which the defendant knew, although the defendant could have made its delivery to his attorney a condition precedent to his agreement to sell, it was not probable that he would do so.

The defendant urges further that, as the mortgage was admittedly held by a stranger, the prospective purchaser was not able, even if he was willing, to comply with the terms of the agreement, assuming it to have been made as the plaintiffs allege. But the defendant knew that the mortgage was then held by a third person, and that the buyer would not come into possession of it until the closing of title upon the premises which it covered, which closing was to occur in the near future. It was not necessary that the buyer should be able to perform at the time fixed for signing the contract, but only at the time which should then be fixed for the passing of title. Levy v. Ruff, 3 Misc. Rep. 147, 22 N. Y. Supp. 744, affirmed 4 Misc. Rep. 180, 23 N. Y. Supp. 1002.

The defendant insists that reversible error was committed upon the trial in admitting against his objection and exception a conversation between one of the plaintiffs and the intending purchaser, but it was clearly competent for the plaintiff to show as part of the res gestæ, what they did under their employment towards procuring a purchaser. Bickart v. Hoffman, 19 N. Y. Supp. 472; Carroll v. Pettit, 67 Hun, 418, 22 N. Y. Supp. 250; Doran v. Bussard, 18 App. Div. 36, 45 N. Y. Supp. 387. Neither was it error to allow the intending purchaser to testify that he was ready and willing to purchase the property upon the terms stated by the defendant. Kirchner v. Reichardt, 27 Misc. Rep. 530, 58 N. Y. Supp. 314.

One of the plaintiffs was allowed to testify in rebuttal that particulars respecting the mortgage were given to the defendant, and he claims that reversible error was committed in permitting such testimony. I do not think so. The admissibility of such evidence, even though not strictly in rebuttal, was within the court's discretion, which, so far as the record discloses, was not abused in this instance.

The judgment should therefore be affirmed, with costs. All concur.