[S. F. No. 3371.   Department Two.—January 12, 1904.]

# E. S. MERRIMAN, Respondent, v. MARY CATHERINE WICKERSHAM, Appellant.

VENDOR AND PURCHASER—SALE BY REAL-ESTATE AGENT—PERFORMANCE — COMMISSION — RATIFICATION — REFUSAL TO COMPLETE SALE.— Where the owner of real estate made a contract with a real-estate agent to effect a sale thereof, and the contract fixed the right of the agent to a commission upon his sale, the agent has performed his part of the contract by producing a purchaser able and willing to buy, and the owner's liability for the commission agreed upon is then complete; and where the owner ratified and approved the sale in writing, the commission cannot be avoided by any arbitrary or wanton refusal by him to consummate the sale.

---

ID.—ACTION BY CORPORATION—SUBSTITUTION OF EXECUTOR—EVIDENCE
—OFFICER AND STOCKHOLDER NOT DISQUALIFIED.—Where the real-
estate agent employed was a corporation, and pending suit for the
commission the executor of the deceased owner was substituted as
a party defendant, an officer, and one of the principal stockholders,
of the corporation is not disqualified as a witness, under section
1880 of the Code of Civil Procedure, as being a party to the action;
and where it was not established that he was a "person in whose
behalf the action was prosecuted," his testimony to facts occurring
before the death of the owner was properly admitted.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order deny-
ing a new trial. M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

Campbell, Metson & Campbell, and Thomas H. Breeze, for
Appellant.

The contract called for a sale, and not for a negotiation for
a sale. The only question is what the contract provides.
(*Kimmel* v. *Skelly,* 130 Cal. 555.) The action is on an ex-
press contract pleaded, and the recovery on an implied con-
tract was proved. The variance is fatal. (*Reed* v. *Norton,*
90 Cal. 590; *Wagner* v. *Hansen,* 103 Cal. 104; *Jones* v. *Shuey,*
40 Pac. Rep. (Cal.) 17.) The court erred in allowing the
vice-president, and one of the principal stockholders, of the
corporation plaintiff to testify to facts occurring before the
death of the deceased owner. (Code Civ. Proc., sec. 1880.)

Edward C. Harrison, for Respondent.

A sale was made by plaintiff and ratified by the owner,
and the commission was earned. The owner could not avoid
it by a wanton refusal to convey. (*Crane* v. *McCormick,*
92 Cal. 176-182; *Smith* v. *Schiele,* 93 Cal. 144-149; *Maxon*
v. *Jones,* 128 Cal. 77; *Kimmel* v. *Skelly,* 130 Cal. 555; *Greg-
ory* v. *Bonney,* 135 Cal. 589.) The witness Marsh was
properly allowed to testify. (*Poulson* v. *Stanley,* 122 Cal. 655-
658;[1] *Savings Bank* v. *Enos,* 135 Cal. 167.)

HENSHAW, J.—Plaintiff is the assignee of the Burn-
ham & Marsh Company (a corporation), real-estate brokers.

---

[1] 68 Am. St. Rep. 73.

The action is for commissions due upon an alleged sale for F. A. Wickersham. Suit was commenced against Wickersham in his lifetime. He suffered default. Plaintiff afterwards consented that his default might be set aside. His death following, his executrix was substituted as defendant.

Wickersham had given to the Burnham & Marsh Company a power of attorney to sell certain described property for the sum of thirty thousand dollars. The instrument provided: "I hereby agree to pay to said Burnham & Marsh Company two and one half per cent commission on the amount of the sale if a purchaser is found by or through said Burnham & Marsh Company, or myself, or any other person, during said period (of ten days), or if sold thereafter to any person having received information of said property through the said Burnham & Marsh Co." The complaint pleaded, and the court found, that after the expiration of the ten days the Burnham & Marsh Company, acting as the broker of Wickersham, negotiated a sale of the property, and sold it for him to one G. L. Page, for the sum of thirty thousand dollars, and received from Page a deposit upon the sale in the sum of one thousand dollars, and that this sale was on the sixth day of February, 1901, with all its terms and conditions as specified in the receipt given to and taken by Page, ratified in writing by Wickersham; and further, that Page first received information of the fact that the property was for sale by Wickersham through the Burnham & Marsh Company. Thereafter, and without just cause or reason, Wickersham refused to consummate the sale, and instructed the Burnham & Marsh Company to return to Page his deposit, which was accordingly done.

The evidence supports the findings so made. It appears that Wickersham was present at the execution of the contract between the Burnham & Marsh Company and Page. That contract was in form an acknowledgment of the receipt of the sum of one thousand dollars "in part payment for purchase price, thirty thousand dollars, of the property known and described as follows," etc. It further appears that Wickersham evidenced his acceptance and approval of the sale by his signature upon the instrument.

It is contended by appellant, however, that the contract

between Wickersham and the Burnham & Marsh Company, contemplated an actual and completed sale, and that, as Wickersham repudiated the contract before its full execution by the transfer of title, he was not bound to pay the commissions contemplated. But, the answer to this is two-fold. First, the contract which Wickersham approved was a sale of his property, and thus the literal terms of his contract with the Burnham & Marsh Company had been complied with. It was a conditional sale, to be sure, but none the less it was a sale. Second, the law as to this contract is no different from the law as to brokers' contracts generally; that is to say, where the contract fixes the broker's right to remuneration upon his sale, if he shall produce a purchaser able and willing to buy, he has performed his part of the contract, and the owner's liability for his compensation or commission is complete, and cannot be avoided by any arbitrary or wanton refusal to consummate the sale. (*Crane* v. *McCormick*, 92 Cal. 176; *Smith* v. *Schiele*, 93 Cal. 144; *Gregory* v. *Bonney*, 135 Cal. 589.)

The Burnham & Marsh Company is a corporation. Mr. Marsh, vice-president, and one of its principal stockholders, was allowed to testify to matters and facts in issue. It is contended that the evidence was improperly admitted, in violation of section 1880 of the Code of Civil Procedure, which provides that "The following persons cannot be witnesses; . . . Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted against an executor or administrator, upon a claim or demand against the estate of a deceased person, as to any matter or fact occurring before the death of such deceased person." At common law interest disqualified any person from being a witness. That rule has been modified by statute. In this state interest is no longer a disqualification, and the disqualifications are only such as the law imposes. (Code Civ. Proc., sec. 1879.) An examination of the authorities from other states will disclose that their decisions rest upon the wordings of their statutes, but that, generally, where interest in the litigation or its outcome has ceased to disqualify, officers and directors of corporations are not considered to be parties within the meaning of the law. For

example, the statute of Maryland (Maryland Public General Laws, art 35, sec. 2) limits the disability to the "party" to a cause of action or contract, and it is held that a salesman of a corporation who is also a director and stockholder is not a party within the meaning of the law so as to be incompetent to testify in an action by the company against the other party who is insane or dead. (*Flach* v. *Gottschalk Co.*, 88 Md. 368.[1]) To the contrary, the Michigan law expressly forbids "any officer or agent of a corporation" to testify at all in relation to matters which, if true, must have been equally within the knowledge of such deceased person. (Howell's Annot. Stats. Mich., sec. 7545.) The supreme court of Michigan, in refusing to extend the rule to agents of partnerships, said: "It is conceded that this testimony does not come directly within the wording of the statute, but it is said there is the same reason for holding the agent of a partnership disqualified from testifying, that there is in holding the agent of a corporation. This is an argument which should be directed to the legislative rather than to the judicial department of government. . . . The inhibition has been put upon agents of corporations, and has not been put upon agents of partnerships. We cannot, by construction, put into the statute what the legislature has not seen fit to put into it." (*Demary* v. *Burtenshaw's Estate* (Mich.), 91 N. W. 649.) In New York the statute provides that against the executor, administrator, etc., "no party or person interested in the event, or person from, through, or under whom such party or interested person derives his interest or title shall be examined as a witness in his own behalf or interest." This is followed by the exception that a person shall not be deemed interested by reason of being a stockholder or officer of any banking corporation which is a party to the action or proceeding, or interested in the event thereof. (New York Annot. Code Civ. Proc., sec. 829.) Here it is apparent that the interest of the witness is made a disqualification, and it is of course held that stockholders and officers of corporations other than banking corporations are under disqualification. (*Keller* v. *West Bradley Mfg. Co.*, 46 Hun, 348.)

To like effect is the statute of Illinois, which declares that

---

[1] 71 Am. St. Rep. 418, and note.

no party to any civil action, suit, or proceeding, or person directly interested in the event thereof, shall be allowed to testify under the given circumstances. Under this statute it is held that stockholders are interested within the meaning of the section, and are incompetent to testify against the representatives of the deceased party. (*Albers Commission Co.* v. *Sessel*, 193 Ill. 153.) The law of Missouri disqualifies "parties to the contract or cause of action," and it is held that a stockholder, even though an officer of the bank, is not disqualified by reason of his relation to the corporation when he is not actually one of the parties to the making of the contract in the interest of the bank.

Our own statute, it will be observed, is broader than any of these. It neither disqualifies parties to a contract, nor persons in interest, but only parties to the action (Code Civ.Proc., secs. 1879, 1880), and thus it is that in *City Savings Bank* v. *Enos*, 135 Cal. 167, it has been held that one who is cashier and at the same time a stockholder of a bank was not disqualified, it being said: "To hold that the statute disqualifies all persons from testifying who are officers or stockholders of a corporation, would be equivalent to materially amending the statute by judicial interpretation." It is concluded, therefore, that our statute does not exclude from testifying a stockholder of a corporation, whether he be but a stockholder, or whether, in addition thereto, he be a director or other officer thereof.

The examination of the witness Page undoubtedly discloses that he had an interest in the outcome of the litigation, but that fact did not bring his testimony within the inhibition of the law. It was not established that he was a person "in whose behalf the action was prosecuted," and his testimony was therefore properly admitted.

For the foregoing reasons the judgment and order appealed from are affirmed.

McFarland, J., and Lorigan, J., concurred.