McCABE, Appellant, vs. JONES, Respondent.

*January 13—February 1, 1910.*

*Real-estate brokers: Commissions: When purchaser is "pecuniarily able" to buy: Obtaining money by contemporaneous mortgage.*

1. To entitle a real-estate broker to recover his commission on a sale which his principal refused to carry out he need show only that he procured a purchaser who was ready, willing, and pecuniarily able, within the time fixed, to take and pay for the property.
2. "Pecuniarily able" in such connection means merely able to command the necessary money to close the deal on reasonable notice or within the time limited by the vendor.
3. A proposed purchaser is pecuniarily able to complete the purchase if he has so arranged that the money will be forthcoming at the moment the deed is passed to him, although a part of such money is to come from one who at the same moment receives a mortgage from such purchaser. *McCune v. Badger*, 126 Wis. 186, distinguished.

APPEAL from a judgment of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge. *Reversed.*

Action by real-estate broker to recover commissions for negotiating a sale of the defendant's farm to one Leach. The case was tried before a jury and a special verdict rendered, by which it was found: (1) That the parties agreed that if plaint-

iff would induce Leach to purchase defendant's farm and personal property at the price of $13,000, and pay therefor $7,000 in cash and convey by good title Leach's residence property in Oshkosh free of incumbrance, defendant would sell at that price and would pay plaintiff $250.    (2) That before defendant's offer was withdrawn Leach was ready, able, and willing to pay defendant $7,000 in cash and convey a perfect, unincumbered title to his residence property in Oshkosh in exchange for defendant's farm and personal property, and defendant was so notified.    It was admitted that the plaintiff procured the offer from Leach.    On motion the court changed the second answer from "yes" to "no," and entered judgment on the verdict for defendant, and the plaintiff appeals.

For the appellant there was a brief by *Eaton & Eaton,* and oral argument by *M. H. Eaton.*

*John C. Hart,* for the respondent.

WINSLOW, C. J.    The trial judge reversed the answer to the second question because in his judgment the evidence was conclusive that Leach was not ready, able, and willing to make the trade, and the only question in the case is whether this ruling is correct.

The evidence on this question was substantially as follows: Leach's homestead in Oshkosh was subject to a mortgage of $2,000.    Leach testified that he owned $10,000 worth of unincumbered property in Oshkosh outside of his homestead; that he arranged with one Elmer Clark to let him have $7,000 upon mortgage on the *Jones* farm at the time the papers should be exchanged; that he had also provided to turn over his homestead clear of incumbrance; that these arrangements were complete before and at the time when the trade was to be completed.    Clark testified that in accordance with Leach's request he had the $7,000 ready in hand to loan to Leach on the *Jones* farm and kept the money ready for two months.    It was admitted that Leach notified *Jones* of

his readiness to carry out the arrangement.     There was no evidence to contradict this testimony of Leach and Clark, nor was there any evidence tending to throw doubt upon their good faith or upon the ability of either of them to carry out the arrangements which they testified they were ready and willing to carry out.

It seems probable that the trial court reversed the jury's finding upon the authority of *McCune v. Badger*, 126 Wis. 186, 105 N. W. 667, deeming it to have been decided in that case that where a purchaser expects to raise a part of the purchase price by mortgaging the purchased premises he cannot be said to have been able, ready, and willing to complete the trade.     We do not understand this to be the effect of that case.     True, the purchaser in that case claimed that he expected to raise nearly all of the purchase money by mortgaging the purchased property, and this fact was mentioned in the discussion of the case; but the decision went upon the broad ground that the purchaser was not shown to be ever in circumstances where he could take the property and pay for it.     He was to pay $9,000, and he did not pretend to have more than $2,000.     There was loose testimony that some persons had promised to loan $7,000 on the purchased property (a fact which seems intrinsically very doubtful), but nothing to show that these persons were on hand at the time the deal was to be closed or ever had been on hand.     Under these circumstances the decision of the trial court that the evidence was insufficient to carry the question of ability and readiness to the jury was sustained under the rule of deference owing to a decision of the trial court upon such a question.

It is a matter of common knowledge that very many, if not a majority of, contracts for the purchase and sale of real estate are expected to be carried out by obtaining a part of the purchase money on a mortgage of the property itself, to be executed contemporaneously with the execution of the deed.     If the purchaser has his arrangement made so that the money

will be forthcoming at the moment the deed is passed to him, no reason is perceived why he may not truly be said to be ready, able, and willing to complete the deal, although a part of the money comes from one who at the same moment receives a mortgage of the newly purchased premises.

Where a real-estate broker sues for his commissions on a sale which his principal refuses to carry out, he cannot, of course, prove his case by showing that he produced a straw bidder, but on the other hand he is not required to show that he brought a man with the cash all in hand in legal tender. He is simply required to show that he procured a purchaser who was ready, willing, and pecuniarily able within the time fixed to take and pay for the property. Mechem, Agency, § 966. "Pecuniarily able," in this connection, must of course have a reasonable construction. It cannot mean that the proposed purchaser must necessarily have all the money in his pocketbook or to his credit at the bank, but that he is able to command the necessary money to close the deal on reasonable notice, or within the time limited by the vendor, if a time be limited.

We think the evidence here was sufficient to entitle the jury to find as they did that Leach was "able" to make the purchase within the meaning attached to that word in the ordinary course of such transactions.

*By the Court.*—Judgment reversed, and action remanded with directions to render judgment for the plaintiff upon the verdict.