# THE

# NEW YORK SUPPLEMENT

## VOLUME 135

### BIRNBAUM v. UNGER.

(Supreme Court, Appellate Term. May 9, 1912.)

.ERS (§ 49*)—COMPENSATION—CONTRACT—NECESSITY OF PERFORMANCE.

Where a contract employing brokers to procure a loan stated that the agreement should be void unless the brokers procured a written acceptance from the person who was to loan the money within one day from its date, there could be no recovery thereon without a showing that such written acceptance was procured.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 70–72; Dec. Dig. § 49.*]

2. BROKERS (§ 54*)—COMPENSATION—PROCURING CUSTOMER ABLE, READY, AND WILLING.

A broker employed to procure a loan was not entitled to compensation for his services upon a showing that, while the fund was not in the lender's hands, his customer would send him a check therefor, as a condition to the recovery of commissions is the procuring of a customer ready, able, and willing to perform.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 75–81; Dec. Dig. § 54.*]

3. EVIDENCE (§ 201*)—DECLARATIONS—ADMISSIONS AGAINST INTEREST.

In an action for a broker's commissions for making a loan, testimony of admissions of the plaintiff was admissible to show the agreement under which he was employed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 687; Dec. Dig. § 201.*]

Appeal from City Court of New York, Trial Term.

Action by Max Birnbaum against Regina Unger. From a judgment for plaintiff on a directed verdict, and from an order ·denying a motion for new trial, defendant appeals. Reversed, and new trial ordered.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

Isaac· Josephson, of New York City, for appellant.

Johnston & Johnston, of New York City (Edward W. S. Johnston, of New York City, of counsel), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GERARD, J. [1] Plaintiff claimed that he and his assignor, Samuel Seiniger & Co., were employed by the defendant to procure a loan of $35,000 on certain real property owned by defendant. Plaintiff sued upon an alleged oral contract, claiming that a paper which was admitted in evidence, and which was unsigned, was but a "tentative agreement," although as to this paper Seiniger, one of the plaintiff's assignors, testified that:

"This paper contains the terms on which I regarded myself as employed by this defendant."

This paper was as follows:

"New York, February 8, 1910.

"Messrs. Samuel Seiniger & Co.—Dear Sirs: I hereby employ you as brokers to procure a loan of $35,000 at 5% for five years on Nos. 295–297 Seventh street, secured by my bond and a first mortgage on the said property. I agree to pay you for your services as brokers $1,073 to cover, which shall include your fees as brokers, attorney's fees, policy of title insurance, mortgage tax, drawing and recording the mortgage. It is understood that unless a written acceptance be given in writing from Albert Francis Hagar, attorney, No. 60 Wall street, within one day from even date, said acceptance to be delivered to me or my attorney, Mr. Josephson, then this agreement shall be void."

Neither plaintiff nor Seiniger & Co. ever procured an acceptance in writing from Hagar.

[2] Second. There was no evidence of the acceptance of a person able, ready, and willing to make the loan. Hagar testified that he was ready, able, and willing to make the loan, but on cross-examination testified that the fund was not in his possession; that his client would simply send him a check; that the money was not in his hands. This evidence was insufficient. Before a broker can recover in an action of this nature, he must show that he had procured a person able, ready, and willing to make the loan. Holliday v. Roxbury Distilling Company, 130 App. Div. 654, 115 N. Y. Supp. 383.

[3] Third. Mr. Josephson, defendant's attorney, called as a witness, was asked to give a conversation had by him with plaintiff. This was objected to, and the court asked:

"What is the purpose of this?"

And the answer was given:

"The Witness: This conversation is for the purpose of showing the agreement under which the plaintiff was employed."

Thereupon the court sustained the objection. Of course, the admissions of the plaintiff as to the alleged oral contract were admissible against him under any theory of the case.

The above errors warrant a reversal of the judgment.

Judgment and order reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.