[Civ. No. 4807. First Appellate District, Division One.—October 21, 1924.]

# R. G. PELLATON, Respondent, v. M. BRUNSKI, Appellant.

[1] BROKER'S COMMISSIONS — EXCLUSIVE CONTRACT — ABILITY OF PURCHASER.—In order to entitle a broker to recover a commission under a contract providing for the exclusive sale of real property, where no sale has been consummated, it is incumbent on the broker to prove that he found a purchaser not only ready and willing but also able to buy the property on the terms fixed.

[2] ID. — FINANCIAL ABILITY OF PURCHASER — WHAT CONSTITUTES. — Such rule requiring that the broker must have found a purchaser not only ready and willing but also able to buy the property on the terms stated does not require that such purchaser must have all the money in his immediate possession or to his credit at a bank, but only that he must be able to command the necessary funds to close the deal within the time required; and it is sufficient if the purchaser has arranged so that these funds will be available 'for payment when the time comes to close the transaction, although part of it be obtained on the purchased property itself.

[3] ID. — TENDER BY PURCHASER. — Under such a contract, where the broker has found a purchaser ready, willing, and able to buy the property on the terms stated by the owner, the purchaser is not required to actually tender the purchase money when the owner has refused to perform.

[4] ID.—RELIANCE OF PURCHASER UPON LOAN—FINANCIAL ABILITY OF PROPOSED LENDER—VERBAL PROMISE.—In such a case, where the purchaser is relying on a loan to make up the amount required to complete his purchase, it must appear that the party offering to advance the sum has the financial ability so to do and that he has entered into a binding agreement to furnish the sum, and evidence of a mere verbal promise by a person without consideration to do so is insufficient to show ability in the purchaser to complete the transaction; and a proposed purchaser cannot be said to be able to purchase when he is dependent upon third parties who are in no way bound to furnish the funds to make such purchase.

1. When broker's commission earned, notes, 28 Am. St. Rep. 546; 139 Am. St. Rep. 225. See, also, 4 R. C. L. 307; 4 Cal. Jur. 591.

Performance of contract by broker to find purchaser ready, willing, and able, note, 44 L. R. A. 616, 619, 623.

3. Necessity of tender of purchase money to entitle broker to recover commissions, note, 43 L. R. A. 604.

[5] ID.—BURDEN OF PROOF—RULES OF EVIDENCE.—In an action to recover a specified sum as a commission under a broker's contract providing for the exclusive sale of certain real property, where no sale was consummated, the burden is upon the broker to prove his case, but in assuming this burden no higher degree of evidence is required of him than in any other case, and the same principles apply to the weight and character of the evidence.

[6] ID.—PROOF OF AFFIRMATIVE—CONTRADICTORY EVIDENCE—PREPONDERANCE.—The rule of evidence in civil cases is that the affirmative of the issue must be proved; and, under the code, when the evidence is contradictory the decision must be according to the preponderance thereof, and all judicial expressions concerning the necessity of clear and satisfactory proof must be construed in the light of the fundamental declaration contained in the code.

[7] ID. — CAPRICIOUS REFUSAL OF OWNER TO SELL — LIABILITY TO PAY COMMISSION.—In this action to recover a specified sum as commission under a broker's contract providing for the exclusive sale of certain real property, where no sale was consummated, a reading of the entire record showed not only that the intended purchaser had the ability to comply with the contract, but it also showed that the defendant never raised any objection as to the ability of the purchaser to perform, merely giving as his reason that he was sick and was having trouble with his wife; and a principal cannot defeat a broker's right to compensation by thus capriciously and arbitrarily refusing to enter into a contract with a purchaser who has the ability to purchase.

(1) 9 C. J., p. 599, sec. 88. (2) 9 C. J., p. 600, sec. 88. (3) 9 C. J., p. 599, sec. 88. (4) 9 C. J., p. 599, sec. 88. (5) 9 C. J., p. 644, sec. 116, p. 654, sec. 127. (6) 9 C. J., p. 654, sec. 127 (Anno.); 22 C. J., p. 68, sec. 14; 23 C. J., p. 13, sec. 1745. (7) 9 C. J., p. 597, sec. 87.

APPEAL from a judgment of the Superior Court of Alameda County. Dudley Kinsell, Judge. Affirmed.

The facts are stated in the opinion of the court.

Edward R. Eliassen and C. Leonard Rosenberg for Appellant.

John S. DeLancey for Respondent.

7. Right of broker to compensation where sale defeated by act of owner, notes, 2 Ann. Cas. 184; 20 Ann. Cas. 1024. See, also, 4 Cal. Jur. 596.

TYLER, P. J.—Action to recover the sum of $2,750 as a commission under a broker's contract providing for the exclusive sale of certain real property.

Plaintiff alleges that defendant entered into the contract on the twenty-eighth day of November, 1922, and that by its terms he was authorized to sell the property in question for the sum of $55,000 upon a five per cent commission. The complaint, proceeding, recites that on the nineteenth day of December following plaintiff obtained a purchaser for the property described in the agreement who was then and there ready, willing, and able to complete the purchase upon the terms and conditions of the authorization. It is then alleged that defendant failed and refused to make the sale or to carry out any of the terms of said agreement, and judgment was prayed for the full amount of the stipulated commission. At the trial no question was raised as to the amount, it being agreed that if plaintiff was entitled to recover judgment the amount should be as demanded.

The trial court found in conformity with the allegations of the complaint and rendered judgment accordingly, and the defendant appeals.

The only point presented for the reversal of the judgment relates to the sufficiency of the evidence concerning the ability of the purchaser to comply with the terms of the contract, it being conceded that plaintiff produced during the life thereof a purchaser ready and willing to buy the property upon the terms and conditions of the authorization.

As we have above observed, the contract provided that the sale price was $55,000, and of this sum the purchaser was required to pay $20,000 in cash, the balance being made up of the sum of $35,000 secured by a deed of trust upon the property. The question raised, therefore, is limited and relates solely to the terms of the contract requiring the cash payment.

In support of his appeal appellant premises his contention upon the rule laid down in *Merzoian* v. *Kludjian,* 183 Cal. 422 [191 Pac. 673], to the effect that in an action by a broker to recover a commission for securing a purchaser ready, able, and willing to purchase, evidence of verbal promises made by a third party without consideration to lend the purchaser the money is insufficient to show ability

to purchase. It is his claim that the evidence in the instant case is of such a character as to bring it squarely within this rule.

[1] The principle is well established that in order to entitle a broker to recover a commission under a contract of this character where, as here, no sale has been actually consummated, it is incumbent on him to prove that he found a purchaser not only ready and willing but also able to buy the property on the terms fixed. On no other terms can he recover (*Gunn* v. *Bank of California,* 99 Cal. 349 [33 Pac. 1105]; *Mattingly* v. *Pennie,* 105 Cal. 514 [45 Am. St. Rep. 87, 39 Pac. 200].) The word "able" means financially able (9 Cor. Jur. 599). [2] This rule, however, does not mean that such purchaser must have all the money in his immediate possession or to his credit at a bank, but only that he must be able to command the necessary funds to close the deal within the time required. It is sufficient if the purchaser has arranged so that these funds will be available for payment when the time comes to close the transaction, although part of it be obtained on the purchased property itself (*McCabe* v. *Jones,* 141 Wis. 540 [124 N. W. 486]; *Levy* v. *Ruff,* 4 Misc. Rep. 180 [23 N. Y. Supp. 1002]; *Jaffe* v. *Nagel,* 114 N. Y. Supp. 905). [3] Nor is he required to actually tender the purchase money when the defendant has refused to perform (*McDermott* v. *Mahoney,* 139 Iowa, 292 [115 N. W. 32, 116 N. W. 788]; *Vaughan* v. *McCarthy,* 59 Minn. 199 [60 N. W. 1075]; *Harwood* v. *Diemer,* 41 Mo. App. 48). [4] Where the purchaser is relying on a loan to make up the amount required to complete his purchase it must appear that the party offering to advance the sum has the financial ability so to do and that he has entered into a binding agreement to furnish the sum, and evidence of a mere verbal promise by a person without consideration to do so is insufficient to show ability in the purchaser to complete the transaction (*Merzoian* v. *Kludjian, supra.*) A proposed purchaser cannot, therefore, be said to be able to purchase when he is dependent upon third parties who are in no way bound to furnish the funds to make such purchase (*Mattingly* v. *Pennie, supra; Robertson* v. *Allen,* 184 Fed. 372 [107 C. C. A. 254]; *Birnbaum* v. *Unger,* 135 N. Y. Supp. 1).

Guided by these principles it remains to be seen whether the evidence is sufficient in the instant case to show that the proposed purchaser had the ability to complete his contract.

Before stating the evidence upon this point it is well to allude to the familiar rule that if any evidence is shown in the record which will support the finding of the trial court that the purchaser in the case at bar had the ability, the judgment must be upheld.

The contemplated purchaser testified positively that he had the ability to carry out his agreement and that he had completed all the financial arrangements for the loan prior to the day on which the transaction was to be closed. He had paid the sum of $500 as a deposit; he also had completed arrangements to borrow $12,000, and he had the balance necessary to make up the sum required in the bank on deposit. A portion of his testimony is as follows: ''Q. Had you placed a deposit in the hands of Mr. Pellaton prior to that time? A. Yes, sir. Q. What sum did you deposit? A. $500. Q. At the time you made the deposit or at the time your deal was consummated you were in a position financially to have gone through with the transaction? A. Yes, sir. Q. Had Mr. Brunski executed the contract according to its terms you would have been able at the date of its consummation to have paid the sum of $20,000 required by the contract? A. Whatever the contract called for, yes, sir. Q. The contract called for $20,000. You were able at that time to pay him the sum of $20,000, were you? A. Yes, sir. Q. Your assets at that time were considerably more than your liabilities? A. Yes, sir.''

And further: ''Q. Tell the court what steps you had taken to secure this property other than through Mr. Pellaton? A. The fact that I had gone to the trouble and expense of borrowing and negotiating a loan that was to be known as a second mortgage through Mr. De Lancey. I was securing that money from his wife. The balance of the money I had in bank and negotiable papers and negotiable notes. By the Court: Q. Did you make these financial arrangements when you knew that Mr. Brunski had not approved of the sale? A. No, prior to that. Q. In other words, prior to what? Prior to his knowledge or your knowledge that Mr. Brunski hadn't approved of the sale? A. Well, that I had made the arrangements in order to go through assuming that Mr.

69 Cal. App.—20

Brunski was going to live up to his contract. I had to make these arrangements ahead in order to get it.''

We do not deem further recital of the intended purchaser's testimony necessary. The claim is made that this evidence amounts to nothing more than mere expressions of opinion on the part of the witness, which brings the case within the rule of *Merzoian* v. *Kludjian, supra.* We do not so consider it, but are of the opinion that it shows sufficient ability on his part to comply with the terms of his agreement to purchase. In the Merzoian case the fact was developed during the trial that the purchaser did not have the ability, as the promise made to him was an empty one, which presents an entirely different situation. Defendant in the instant case had an opportunity on cross-examination to remove any doubt upon the subject relative to the purchaser's ability. He not only did not avail himself of this right but he likewise failed to offer any independent evidence to disprove it.

There is no distinction in the weight of evidence required in this class of cases and others. With the question of weight this court is not concerned. The whole question turns upon the inquiry whether the things the broker has done while the relation of agency continues have brought forth a purchaser able, willing, and ready to accept the owner's offer of sale. [5] A defendant in a case of this character is no favorite of the law. The burden, of course, is upon the broker to prove his case, but in assuming this burden no higher degree of evidence is required of him than in any other case, and the same principles apply to the weight and character of the evidence. [6] The rule in civil cases is that the affirmative of the issue must be proved; and when the evidence is contradictory the decision must be according to the preponderance thereof (Code Civ. Proc., sec. 2061, subd. 5), and all judicial expressions concerning the necessity for clear and satisfactory proof must be construed in the light of the fundamental declaration contained in the code (*Treadwell* v. *Nickel,* 194 Cal. 243 [228 Pac. 25]).

Then, too, there is other evidence in the record to the effect that at a meeting where an attempt was made to have defendant comply with his agreement, at which meeting all parties were present, defendant was informed that all ar-

rangements had been made to complete the transaction and that the intending purchaser was already paying interest on his loan, from which the inference can be drawn that the arrangement of the loan had been completed, as testified to directly by the purchaser. There is evidence to show that defendant at this meeting absolutely refused to go on with the sale, giving as a reason for such refusal that he was sick and was having trouble with his wife.

The facts are not unlike those involved in *McCabe* v. *Jones,* 141 Wis. 540 [124 N. W. 486], cited in the Merzoian case, *supra,* as being sufficient to show ability on the part of a purchaser to complete his transaction. Aside from the direct testimony upon the subject a reasonable inference can be drawn from the evidence that the purchaser would have paid the money had not defendant refused to sell (*Houston* v. *Williams,* 53 Cal. App. 267, 273 [200 Pac. 55]; *Krahner* v. *Heilman,* 16 Daly (N. Y.), 132 [9 N. Y. Supp. 633]; *Cook* v. *Kroemeke,* 4 Daly (N. Y.), 268; *Simonson* v. *Kissick,* 4 Daly (N. Y.), 143, 145; *Hart* v. *Hoffman,* 44 How. Pr. (N. Y.) 168). [7] A reading of the entire record shows not only that the intended purchaser had the ability to comply with the contract, but it also shows that the defendant never raised any objection as to the ability of the purchaser to perform, merely giving as his reason that he was sick and was having trouble with his wife. A principal cannot defeat a broker's right to compensation by thus capriciously and arbitrarily refusing to enter into a contract with a purchaser who has the ability to purchase (*Merriman* v. *Wickersham,* 141 Cal. 567 [75 Pac. 180]; *Phelan* v. *Gardner,* 43 Cal. 306; see note, 43 L. R. A. 604).

Respondent in further support of the judgment contends that defendant's failure to object to the purchaser's ability to finance the transaction estops him from raising this question. Considering the conclusion we have reached, this question becomes unimportant.

The judgment is affirmed.

Knight, J., concurred.

ST. SURE, J., Dissenting.—I dissent for the reason that the evidence wholly fails to show that the plaintiff produced a purchaser ready, willing, and able to buy upon the terms

proposed by the seller. All three of these elements must exist in the customer, in order to entitle the broker to his commission, and it is not sufficient that the customer is ready and willing, but he must also have the ability to carry out the purchase; he is not required to have legal tender in hand with which to pay, unless the price is required to be paid in cash, in which case the fact that he has property out of which the required payment may be made is not sufficient (9 .Cor. Jur., sec. 88, p. 599). A proposed purchaser is not able, when he is depending upon third parties who are in no way bound to furnish the funds, to make the purchase. The contract required that the purchaser pay $20,000 in cash The purchaser testified that he was financially able to pay. Asked to explain, he said that he had arranged with Mr. De Lancey for a loan, "that was to be known as a second mortgage of $12,000." "I was securing that money from his (De Lancey's) wife—the balance of the money I had in the bank, and negotiable papers, negotiable notes." By the greatest liberality it might be inferred from such testimony that the purchaser had $10,000 cash in hand, although had he undertaken to realize upon his "negotiable" securities it is probable that he would have been disappointed. To admit that he had $10,000 cash in hand is but to say there was a showing of only partial financial ability on his part, as he was required to meet a cash payment of $20,000; the remaining $12,000 he had "arranged" to borrow on a second mortgage on the very property he wished to purchase. There was no showing whatever as to the ability of Mrs. De Lancey to loan the money. The law will not presume the existence of the purchaser's financial ability, the burden is upon the broker to establish that fact; or, as is said in *Merzoian* v. *Kludjian*, 183 Cal. 422 [191 Pac. 673], "it was a part of plaintiff's case in chief to show that the purchaser was ready, able and willing to make the purchase, and this could be done by proof either that he had funds in hand, in whole or in part, or that he commanded resources upon which he could obtain the requisite credit." Even if Mrs. De Lancey's financial ability could be presumed, there was no showing that she was "bound by contract" (*Mattingly* v. *Pennie*, 105 Cal. 514, 522 [45 Am. St. Rep. 87, 39 Pac. 200]) to loan the money on a second mortgage; or that she was "legally bound to loan him the money" (*Tashjian*

v. *Krikorian*, 55 Cal. App. 160, 164 [202 Pac. 956]) ; or
that the purchaser had anything more than her "unenforce-
able promise" (*Merzoian* v. *Kludjian, supra*) of a loan of
$12,000. The purchaser's statement that he was financially
able was but the expression of an opinion on his part that
with the amount of money he had in the bank (which is
not shown), together with the uncertain amount of cash he
could realize upon his negotiable securities from unknown
persons, together also with the sum of $12,000 he expected
to secure from Mrs. De Lancey on a second mortgage on the
property he proposed to buy, he was prepared to complete
the purchase. When it came to a completion of the transac-
tion the purchaser might have found that he was unable in
whole or in part to borrow on, or sell, his negotiable secu-
rities, that Mrs. De Lancey had changed her mind about ad-
vancing $12,000, or for some other reason the money needed
for the cash payment would not be procurable within a
reasonable time or at all. It seems to me that it would have
been a simple matter to show by competent evidence, if such
were the case, that the purchaser had $10,000 cash in hand,
or its equivalent; that Mrs. De Lancey was financially able
to loan the purchaser $12,000 and that he had an enforce-
able promise from her to do so. The burden was upon
plaintiff to do this and he failed. It is said in the majority
opinion "that the defendant never raised any objection as to
the ability of the purchaser to perform." A defendant is
not required to disprove a case until one is made against
him. I do not think that the evidence shows that the de-
fendant either capriciously or arbitrarily refused to enter
into a contract, as suggested in the main opinion, but even
so, I believe that the plaintiff has failed to measure up to
the requirement of the law that he prove that he found a
purchaser who was ready, willing, and able to complete the
purchase upon the terms proposed. The evidence is insuffi-
cient because it leaves too much to conjecture and specula-
tion; it is too indefinite. This view is supported by *Mc-
Gavock* v. *Woodlief*, 61 U. S. 221, 227 [15 L. Ed. 884, see,
also, Rose's U. S. Notes] ; *Mattingly* v. *Pennie*, 105 Cal.
514, 522 [45 Am. St. Rep. 87, 39 Pac. 200] ; *Cameron* v.
*Ayers*, 175 Cal. 662, 665 [166 Pac. 801] ; *Merzoian* v. *Klud-
jian*, 183 Cal. 422 [191 Pac. 673] ; *McCune* v. *Badger*, 126
Wis. 186 [105 N. W. 667] ; *McCabe* v. *Jones*, 141 Wis. 540

[124 N. W. 486]; *Tashjian* v. *Krikorian*, 55 Cal. App. 160, 164 [202 Pac. 956]; *Birnbaum* v. *Unger*, 135 N. Y. Supp. 1; *Holliday* v. *Roxbury Distilling Co.*, 130 App. Div. 654 [115 N. Y. Supp. 383].

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 18, 1924.