[Civ. No. 5369. Second Appellate District, Division One.—March 13, 1929.]

J. A. BABER, Appellant, v. LOUIS PAPPAS, Respondent.

John H. Miller for Appellant.

E. J. Fostinis and Bernard L. Herlihy for Respondent.

YORK, J.—This is an action brought by plaintiff and appellant against defendant and respondent to recover $1,250 real estate commission, growing out of an agency contract entered into on or about November 22, 1923.

The only issue raised by the pleadings was that raised by the allegations of the complaint that "the said plaintiff sold the said premises," the property in question, to "Roy Porter, a purchaser ready, able and willing to purchase and pay for said property" and the denial in the answer that the said Roy Porter, to whom the property was sold "was a purchaser ready and able and willing or ready or able or willing to purchase and pay for, or purchase or pay for said property."

The finding of the trial court was as follows: "The court further finds that the said Roy Porter was a person who was ready and willing to proceed with the said purchase, but the evidence fails to show that he was a person who was able

to pay for the said property in accordance with the terms of said agreement of sale."

The appellant contends that the judgment of the trial court is erroneous and should be reversed for the following reasons:

1. That the finding of the court that the evidence failed to show that the purchaser was able to pay for the property is contrary to the evidence.

2. The court erred in sustaining the defendant's objections to questions tending to prove the financial worth of the purchaser.

Upon direct examination, the purchaser testified that he was able to deposit $9,800, the amount required to be deposited, and that he was ready to do so within the sixty-day period contemplated by the escrow.

It is true that he was asked by the attorney for appellant, interrupting the cross-examination by counsel for respondent: "You may state whether or not you had securities or property out of which you could have readily realized enough to make up the $9800. A man don't have to have cash in bank." This was objected to by counsel for respondent as follows: "If your honor please, I object to that on the ground that the decisions of the state of California are to the effect that no matter whether a man has a possibility of getting the money, unless he has it at the time, he is not ready, willing and able to buy. The Court: You may ask him to state the fact if he had that $9800 at that time. Q. By Mr. Miller: State whether or not within the 60 days —that is, before January 22, 1924—you had in money $9800? A. I did not. The Court: Now pardon me. In justice to the witness and counsel also, I didn't mean to impose that condition. Mr. Miller: I didn't understand your honor. Mr. Jenal: He has answered he did not. The Court: You may ask him the simple question, and he may state as a fact, did you have $9800 within that 60 days? A. Not in cash. Q. By Mr. Miller: Well, what did you have it in?" Mr. Jenal: Now, your Honor, I object to that as incompetent, irrelevant and immaterial. The Court: Sustained." The court gave as his reason for such ruling, that the purchaser may have had all kinds of resources upon which he could have secured money later, but if he did not

have the cash within the sixty days, he could not put up the cash within the sixty days.

We are of the opinion that these rulings by the trial court were erroneous and that the judgment should be reversed.

The question of ability of the purchaser to buy the property on the terms fixed arose in the case of *Pellaton* v. *Brunski*, 69 Cal. App. 301 [231 Pac. 583], under facts similar to those in the instant. case, in which it was held: "The principle is well established that in order to entitle a broker to recover a commission under a contract of this character, where, as here, no sale has been actually consummated, it is incumbent on him to prove that he found a purchaser not only ready and willing but also able to buy the property on the terms fixed . . . the word 'able' means financially able. (9 Cor. Jur. 599.) This rule, however, does not mean that such purchaser must have all the money in his immediate possession or to his credit at a bank, but only that he must be able to command the necessary funds to close the deal within the time required. It is sufficient if the purchaser has arranged so that these funds will be available for payment when the time comes to close the transaction, although part of it be obtained on the purchased property itself."

In view of this, we believe it was clearly the right of the appellant to attempt to prove the financial worth of the purchaser, in order to show that such purchaser was ready, willing and *able* to consummate the transaction, if such was the fact.

Judgment reversed and new trial ordered.

Houser, Acting P. J., and Crail, J., *pro tem.*, concurred.