[Civ. No. 16228.   Second Dist., Div. Two.   Aug. 6, 1948.]

E. C. RICHEY, Appellant, v. McGINNIS INVESTMENT CO. (a Corporation) et al., Respondents.

146

Clifton A. Hix and Walter S. Binns for Appellant.

George M. Stephenson for Respondents.

MOORE, P. J.—Having procured a competent offer to buy certain realty and an acceptance thereof by the owners who had listed the property with the corporate respondent, appellant as selling agent sued to recover his portion of the brokerage paid to the corporation. His suit having been rejected below, he demands a reversal of the judgment on the ground that his task as salesman was finished when the offer of the buyers had been accepted by the sellers.

Respondent corporation was a licensed real estate broker with respondent Donald M. McGinnis, hereinafter referred to as Donald, also a licensed real estate broker, as its president and general manager. The corporation, herein designated as respondent, employed appellant and respondent Husted as salesmen. There was no contractual relationship between appellant and Husted or between appellant and Donald. The compensation to be paid to appellant or Husted was governed

wholly by the following rule of respondent: "Remuneration: Except by specific arrangement to the contrary, a salesman closing a deal is to receive 60 per cent of the commission derived from a given sale."

In October, 1945, the owners of a hotel listed it for sale with respondent and agreed to pay a commission of 5 per cent of the selling price. For one month prior to December 3, 1945, appellant negotiated with Matlaw and Carr for the purpose of selling the hotel to them. About December 4, 1945, they signed an agreement* to purchase the hotel for the sum of $136,500 on terms prescribed by the owners, and delivered it to appellant, having theretofore delivered their check to appellant for $5,000 to be applied to the purchase price, and an escrow was opened. That check remained in the possession

---

*"Received from Mr. Julius Matlaw and Mr. Isral Carr Address Sangran Hotel 2126 Selby Avenue Westwood the sum of $5,000.00 which will be applied as a part payment on Miramar Hotel, 431 So. Center Street, San Pedro, California At price of $136,500 payable $66,500 L.W.B. cash (including the within payment) balance payable as follows: Payable $333.33 on 1# Trust Deed of $40,000.00 Plus 5% Interest $1000.00 Month PLUS 5% Interest on 2nd Trust Deed of $30,000.00 Property to be free and clear of all encumbrance Insurance Interest and Rents and taxes Prorated to clear escrow Property to be free and Clear except for taxes 1945-46 easements restrictions and Reservations of records If Any ALL CONDITIONS SUBJECT TO PRESENT LEASE St A

Balance of first payment, to-wit $16,500 dollars to be deposited in escrow within Demand days from B above date and failing to make such payment, above amount paid shall be retained by McGinnis Investment Co; such amount is accepted by McGinnis Investment Co. as consideration for the execution by it of this instrument and is retained hereunder as such consideration, to cover sales commissions and all expenses incurred in connection with this agreement. Purchaser agrees to purchase said property at above price and terms.

"It is agreed that this instrument contains the entire agreement between the contracting parties and that no statements, promises, representations, warranties or inducements of any kind made by any party hereto or by any employee, agent of salesman of either party hereto, which is not contained in this written instrument shall be binding or valid. That no agent or employee has authority to change, modify or add to any of the terms contained in this instrument; and that this contract may not be enlarged, modified or altered except by written endorsement hereon signed by the parties hereto. McGinnis Investment Co., retaining the right, in lieu of acceptance by the owner, to refund payment within 30 days of the date hereof.

Dated this 28 day of Nov., 1945, at San Pedro, California

Isreal Carr, Purchaser      Agent McGinnis Inv. Co.
Julius Matlaw, Purchaser      Per E. C. Richey

---

I accept above sale and agree to pay        Commission of
Dated        OWNER   Stuart G. Ashenberg
              L. M. Bruce''

148

of Donald until December 7, 1945, and was then returned to Matlaw and Carr.

While appellant was engaged in negotiations with his prospective buyers Husted had been negotiating with the K-D Investment Company as a prospective purchaser, and on December 3, had succeeded in procuring the signatures of the owners and of the latter company to an agreement for the purchase of the hotel on terms identical with those contained in the contract executed by Matlaw and Carr, and an escrow was opened for the purpose of effecting a transfer of title to that company.

December 5, 1945, appellant left the employ of respondent corporation. As a result of the contracts for the sale to both buyers on identical terms the transfer of title was stymied, and but for the diplomatic course pursued by Matlaw and Carr and their payment of $2,500 to K-D Company for a release of its claim against the buyers the situation might have resulted in serious complications and litigation. But upon the payment of such sum and the execution by K-D Company of its release of all claims against the owners the escrow previously established for the latter company was canceled and a new escrow was opened in its stead between the owners of the hotel and Matlaw and Carr as buyers, and thereby title was transferred to the latter.

The only question on this appeal is whether appellant, the only agent who negotiated a sale with the ultimate buyers, was on the above facts and by virtue of his contract of employment entitled to 60 per cent of the commission paid to respondent. Inasmuch as appellant was the sole instrumentality that accomplished the sale of the hotel to Matlaw and Carr no legal principle is suggested whereby he may be denied recovery. Appellant's controversy is with neither the buyers, nor the sellers, nor with Husted, nor Donald. His demand is against only the brokerage firm which hired him upon an agreement to pay him a share of the commission. Since respondent received its reward, the only legal conclusion which reasonably can be drawn from the facts is that appellant should receive his share. This conclusion is just, not only from reason and morality but is in accordance with the law as definitively decided by the appellate courts. ■ A broker who produces a purchaser able, ready and willing to buy is entitled to his commission even if the seller refuses to consummate the sale. (*Merriman* v. *Wickersham*, 141 Cal. 567, 570 [75 P. 180].) ■ If an

owner cannot defeat a broker's right to compensation by an arbitrary refusal to sell on his listed terms to a purchaser willing and able to buy (*Pellaton* v. *Brunski*, 69 Cal.App. 301, 307 [231 P. 583]), surely a broker cannot deny his selling agent his share of the brokerage because of difficulties in clearing the title which was finally accepted by the purchaser.

Appellant's action against respondent is founded upon the contractual relation of the same virtue as that which obtained between respondent and its principals. While in the cited cases no sale was consummated, in the instant controversy the transaction was completed.

It is contended that respondent was relieved of all obligation to pay appellant by reason of the following: (1) the sale to the K-D Company had been made prior to the sale to Matlaw and Carr; (2) appellant was entitled to compensation for sales made by him "only while he was in the employ of respondent"; (3) the owners refused to transfer title until the conflicting claims of the two groups of buyers had been resolved. Such contention is not justified by the facts. While K-D Company had agreed to buy, its purchase was mutually rescinded and appellant's buyers consummated their acquisition on the very terms included in their contract signed with him. [4] The refusal of the owners to go forward with appellant's buyers until those of Husted had been eliminated is not material to the issue between appellant and respondent. Claims against the titles of properties sold are frequent causes for delay in transferring title. Had K-D Company prevailed and acquired the title appellant would not be contending for his portion. But having removed itself from the scene the sale to Matlaw and Carr became an accomplished fact and thereby appellant earned the commission received. As it would have been unjust to deny respondent its agreed brokerage because of the delay in transferring title of the hotel, so likewise it would be inequitable to deny appellant his share of the commission. The subsequent consummation of a sale on the same terms as originally obtained by the broker entitles him to his commission. (*Sessions* v. *Pacific Improvement Co.*, 57 Cal.App. 1, 17 [206 P. 653].) Were the rule otherwise iniquitous practices could result and cruel injustices would surely follow without a remedy.

The trial court found that "K-D Investment Company sold, assigned and transferred to . . . Matlaw . . . and Carr all its right, title and interest in and to said real property and

to said contract of sale. . ." This finding is contrary to the exact wording of the executed release, as follows: "1. First parties [K-D Investment Company] agree to execute general releases to all claims *in favor of the owners* of said real property in form satisfactory to said owners." Such an agreement resulted in the owners' holding title free and clear as against any outstanding claim of the releasing party. It is of no importance or materiality that the consideration for the release moved from Matlaw and Carr to K-D Company, for by its very terms this release was not an assignment by K-D Company to appellant's buyers. The only office or function of such release was to clear the stage for the actual transfer of a property from the seller to the purchaser, the sale of which had been effected by appellant.

The trial court found as a fact "that plaintiff never at any time closed and/or consummated a sale of the hotel." If such language be a finding it is not supported by the evidence. The hotel admittedly changed hands by virtue of and in accordance with the terms of the agreement which appellant after a month of effort persuaded the buyer and the seller to sign. It was proved at the trial that this instrument was signed by the buyers on December 4, 1945, the day before appellant terminated his services with respondent. The latter urges that there was no evidence that appellant did any work or made any effort to close the deal after the expiration of the period of his employment. There was no necessity for such effort. The buyers wished to buy, the sellers desired to sell, and all had signed the same instrument by reason of the prior efforts of appellant. No other evidence was required to show that appellant was the procuring cause of the sale. His production of the buyers who actually purchased the hotel at the price and on the terms stipulated by the sellers left no room for doubt as to his right to his share of the commission. This is evidenced by the instrument which appellant caused them both to sign. Inasmuch as he was the efficient agent and the procuring cause of the sale, the rejection of his demand was error. (*Brown* v. *Mason*, 155 Cal. 155, 158 [99 P. 867, 21 L.R.A.N.S. 328]; *Barnes* v. *Osgood*, 103 Cal.App. 730, 734 [284 P. 975]; *Brooks* v. *Gross*, 106 Cal.App. 277, 281 [288 P. 1089].)

Respondent fallaciously contends that appellant was entitled to compensation "only in the event that appellant, while in the employ of respondent corporation secured a contract" of

purchase and "in the event that the respondent corporation received a commission for and on account thereof." To such contention the record gives an emphatic answer. No attempt was made to deny that on December 4, appellant was still in respondent's employ or that on the same day the owners signed the agreement with Matlaw and Carr for the purchase and sale. That respondent received a commission on the sale in the sum of $5,978 was established by stipulation in open court.

The cases cited by respondent are not in point. It is suggested that the proposals of Matlaw and Carr were counteroffers terminating the offer of the sellers. Such proposals bear no relation to appellant's right to compensation. They were so much conversation, were not acted upon and did not affect the executed agreement to buy the hotel. The proof and stipulations establish that the appellant secured the contract between the buyers and sellers and that respondent received a commission therefrom. By virtue of his employment contract and his performance appellant is entitled to his commission.

The judgment is reversed with directions to enter a judgment in favor of plaintiff for the sum of $3,586.80.

McComb, J., and Wilson, J., concurred.

A petition for a rehearing was denied August 23, 1948, and respondents' petition for a hearing by the Supreme Court was denied October 18, 1948.