William F. Epstein, Plaintiff-Appellant, v. Elmer E. Howard, Jr., Executor of Estate of Elmer E. Howard, Deceased, and Pershing Hotel, Inc., Defendants-Appellees.

### Gen. No. 46,546.

First District, Third Division.

April 20, 1955.

Released for publication May 12, 1955.

Brill and Marcus, of Chicago, for plaintiff-appellant; Gale L. Marcus, of Chicago, of counsel.

Andrew D. Washington, of Chicago, for Elmer E. Howard, Jr., appellee; Benjamin Nelson, and Adolph L. Haas, both of Chicago, for Pershing Hotel, Inc., appellee; Benjamin Nelson, and Adolph L. Haas, both of Chicago, of counsel.

MR. PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is an action for damages by a real estate broker. The trial court without a jury found for defendant and entered judgment on the verdict. Plaintiff has appealed.

In December 1949, plaintiff, a licensed real estate broker, met with attorney Ashbach with respect to the sale of the Pershing Hotel in Chicago. Ashbach had previously been retained by Dr. Howard, a hotel corporation stockholder and director, to further the sale. Subsequently plaintiff presented Willard Cohen as an interested prospect. He was shown the hotel by Ashbach and subsequently made a written offer of purchase. Instead of selling the hotel to Cohen, the stockholders sold their interests to another party. This suit followed.

Plaintiff's original complaint against Dr. Howard and the hotel corporation alleged that Howard as owner of 82 per cent of the hotel stock, represented he was authorized to act for the hotel corporation; that through Ashbach his agent to sell, Howard employed plaintiff to secure a purchaser; that plaintiff procured Cohen who made a written offer on agreed terms; and that in violation of his agreement with plaintiff Howard sold to someone other than Cohen to plaintiff's damage.

Defendants moved to strike and plaintiff filed an amended complaint of two counts. Count one, against Dr. Howard only, was substantially the same as the original complaint. Count two was against the hotel

corporation alone and alleged Howard's agency for the corporation, plaintiff's employment as broker, the offer by Cohen who was "willing and able" to buy and the corporation's refusal to "convey." Defendants answered. Before trial, Dr. Howard died and defendant executor was substituted as defendant.

At the close of evidence, the trial court expressed an opinion that, Dr. Howard was authorized to bind the hotel corporation and that if liability were shown it would be against Dr. Howard and the corporation jointly and severally. It thought Cohen not an honest witness, had sought to lead the court to believe he was the actual offeror when it was apparent he was nominee. It concluded Cohen was not an able purchaser, that Cohen was acting for principals undisclosed to Ashbach, in fact "undisclosed in this record," and that plaintiff had produced no purchaser able to buy and consequently could not recover. He suggested an order be drafted in accordance with the findings. Thereupon plaintiff was given leave to file a complaint in conformity with the proof.

This pleading, plaintiff's third amended complaint, realleged the substance of Counts one and two of the first amended complaint. In Count one, however, it was alleged plaintiff obtained Cohen as purchaser "partly on his own behalf and partly for his father-in-law Nathan Fender and his uncle Peter Fender, as their duly authorized agent." In Count two against the hotel corporation "his cousin, Harvey Amsterdam" was added to those named in Count one as persons for whom Cohen "partly" acted.

Plaintiff contends that since Cohen's offer was accepted there is no necessity of proving his ability to pay. Defendants do not dispute this rule recently stated in Greenwald v. Marcus, 3 Ill.App.2d 495. They argue there was no acceptance proven.

The proof shows that Ashbach brought Cohen to Howard and presented a written offer of purchase

together with a check for $25,000 earnest money. Ashbach testified to the conclusion that Howard did "accept the offer." We think the trial court could reasonably construe the term "accept" in the light of all of Ashbach's testimony, as meaning that Howard received the offer and check. The reason is that though Ashbach testified the doctor said "he was satisfied" and "my opinion and recollection the Doctor was satisfied" and "when his brother got in from Washington he would sign." Ashbach also gave testimony that Howard "wanted to sleep on it another 24 hours," and "wanted to look it over more closely."

Since the court could reasonably draw the inference that Howard did not actually accept the offer, the case of Greenwald v. Marcus is inapplicable. There the court expressly "adopted the version of plaintiff" whenever facts were in controversy. The result was the court disregarded Marcus' story that he would have to convince his partners to accept the offer. We think there is no merit in the contention that Howard accepted the offer thus rendering unnecessary proof of financial ability.

The next contention is that if Cohen was purely a nominee plaintiff should nevertheless recover if those for whom he acted had financial ability, and agreed to give, or make available to him the necessary funds. The cases of La Bouy et al. v. Martin et al., 204 Ill. App. 404 and William C. Bender & Co. v. Tritz, 338 Ill. App. 661, are cited to this contention. The abstract opinion in the first shows plaintiff's judgment was reversed because there was no evidence of the financial ability or willingness of the party on whom the prospective purchaser depended. The abstract opinion in the second shows reversal of a judgment against the broker where the purchaser "was able to command necessary funds" in form of a mortgage commitment and cash surrender value of life insurance policies.

557

In William C. Bender & Co. v. Tritz, the late Judge Tuohy stated the general rule announced in McCabe v. Jones, 141 Wis. 540, to the effect that financial ability presupposes sufficient funds on hand or ability to command the necessary funds in the time allowed by the offer. The term "command" is important. In Walton v. Hudson, 82 Ohio App. 330, 79 N.E.2d 921, 924 cited by plaintiff the court said the cases uniformly hold the purchaser cannot show ability by depending on third persons " 'in no way bound to furnish the funds.' " We think command here means "To have control of." Webster's International Dictionary (2d ed.).

In the instant case the net purchase price was $405,000 subject to mortgages of $267,000. Thus the offer to purchase contemplated cash payments of $138,000. The final theory of plaintiff was that the offer was by Cohen partly for himself and partly for Nathan and Peter Fender. Cohen's unsatisfactory evidence left unclear what part was to be his and who he actually represented or what part he was financially able to purchase. There was no dispute of the Fender ability but no persuasive evidence that Cohen could *command* the funds necessary to perform the purchase under the offer in his name. And finally there is no evidence that Cohen told Ashbach that the Fenders were the substantial purchasers. Ashbach testified that the original offer carried no name as purchaser and that a rider carried Cohen's name because Cohen then was uncertain "who in the family was to be included."

██ Under these circumstances the trial court could with reason conclude that Howard might have delayed acceptance in order to investigate who the actual purchasers were and what their financial status was. Greenwald v. Marcus, 3 Ill.App.2d 495–500. So far as the record shows Howard was not informed through Ashbach that Nathan and Peter Fender were certain purchasers. The trial court could properly have

rejected testimony of their financial abilities and did properly disregard it. Oliver v. Sattler, 233 Ill. 536. We conclude therefore that the trial court did not err in deciding that plaintiff did not produce a purchaser able to buy or to command funds necessary to buy.

There is no showing that the trial court erred in excluding testimony by Cohen that he had "credit in any banking institution" and no offer of proof from which we can determine how this "credit" would be shown. The other complaints made of rulings are not substantial.

We think the court did not err in deciding that plaintiff did not produce an able "purchaser." We need consider no other point. The judgment was correct and it is affirmed.

Judgment affirmed.

LEWE and FEINBERG, JJ., concur.